**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James E. RIEBSCHLAEGER and Ruben Cortez Alaniz, Defendants-Appellants.**

**No. 75–2149.**

United States Court of Appeals, Fifth Circuit.

March 18, 1976.

Rehearing Denied May 5, 1976.

Douglas Tinker, Corpus Christi, Tex., for Riebschlaeger.

Nago L. Alaniz, San Diego, Tex., Michael Anthony Maness, Houston, Tex., for Alaniz.

Edward B. McDonough, Jr., U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before BELL, GODBOLD and RONEY, Circuit Judges.*

---

**PER CURIAM:**

Appellants were convicted of conspiracy to possess marijuana with the intent to distribute, and possession of 44 pounds of marijuana with intent to distribute, in violation of Title 21 U.S.C.A. §§ 846 and 841(a). We find probable cause and exigent circumstances and therefore no error in denying the motion to suppress based on a claim of an illegal warrantless search. We also find a sufficiency of evidence on the element of intent to distribute.

The other assignment of error raises the point, novel in this circuit, that the entire jury panel should have been quashed because many of the jurors had served during the same term of court in criminal cases and had convicted defendants in cases where the same prosecutor was prosecuting, and some on one jury in a case where defense counsel was defending and lost. No specific bias was asserted as to any particular juror.[1] This contention is without merit. We disagree with the dissenting opinion in *Casias v. United States,* 10 Cir., 1963, 315 F.2d 614, which articulates a concept of implied bias of jurors where the prospective jurors had sat on similar drug cases in the same term of court. The federal decisions are to the contrary. *See, e. g.,*

---

\* This opinion was concurred in by Judge Bell prior to his resignation from the Court on March 1, 1976.

1. The district court was careful to explore any problem of partiality stemming from prior jury service, as follows:

Now some of the jurors on this panel have served on other criminal cases during the past several months. You have heard various Government witnesses testify, and some of them may testify in this case. You have observed the Assistant United States Attorney as he has presented the Government's case, and some of you may have sat on cases in which some of the Attorneys representing the Defendants have appeared. Has anything occurred during any prior trial which might cause you to lean in favor of the Defendant or in favor of the Government in this case, or would any of you, because you have heard a particular witness before, tend to believe that witness just because you have heard him testify previously? Do any of you feel that you would have any problem in this regard?

Would you be able to test the credibility of any witness [who] appears and testifies before you in this case and not relate that to any of the testimony that you have heard previously in other cases?

Again, you are the sole judges of the credibility of the witnesses and you are to listen to the testimony in this case, this case alone is the one that you would be concerned about, and it is important if you do feel that you do have a tendency to, perhaps, follow a witness' testimony who has testified before, just because you have heard him testify before, or for any other thing that might have been offered during the trial of the prior case.

I take it that you all feel that you can sit in the jury box if you are chosen, listen to the testimony in this case, and judge the credibility of the witnesses who appear in this case and not let any extraneous influence of any kind affect your fair and impartial judgment in this case. [No response from the jurors.]

*United States v. Haynes,* 2 Cir., 1968, 398 F.2d 980, 983–86; *Government of Virgin Islands v. Williams,* 3 Cir., 1973, 476 F.2d 771, 773–74; *Belvin v. United States,* 4 Cir., 1926, 12 F.2d 548, 550; *United States v. DeMet,* 7 Cir., 1973, 486 F.2d 816, 819; *United States v. Williams,* 8 Cir., 1973, 484 F.2d 176, 177–178; *United States v. Estrada,* 9 Cir., 1971, 441 F.2d 873, 878–79. *Cf. United States v. Tropeano,* 1 Cir., 1973, 476 F.2d 586; *United States v. Ragland,* 2 Cir., 1967, 375 F.2d 471, 475–76; *United States v. Stevens,* 6 Cir., 1971, 444 F.2d 630. This cause is unlike *Everitt v. United States,* 5 Cir., 1960, 281 F.2d 429, 432, 438, where the same jurors had convicted a co-defendant immediately preceding defendant's trial and had been complimented by the court upon their verdict.

Affirmed.