UNITED STATES of America,
Plaintiff-Appellee,

v.

Robert Richard MUTCHLER, and Mike Byrn Green, Defendants-Appellants.

No. 76–1914.

United States Court of Appeals,
Fifth Circuit.

Sept. 21, 1977.

---

**24.** *Id.*

Gerald A. Woolf, Houston, Tex., for Mutchler.

Dick DeGuerin, Houston, Tex., for Green.

James R. Gough, Jr., U. S. Atty., George A. Kelt, Jr., Asst. U. S. Atty., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., for plaintiff-appellee.

Before GOLDBERG, TUTTLE and CLARK, Circuit Judges.

GOLDBERG, Circuit Judge.

On January 26, 1976, defense counsel and the prosecutor selected a jury to try appellants on charges of possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Following a trial on February 5–6, 1976, that jury returned guilty verdicts against both appellants. During the nine days between jury selection and trial, nine of the twelve jurors sat

on one or more similar drug cases. One of those cases involved the same prosecutor and a government witness that participated in appellants' trial. Because the jurors' interim service robbed defense counsel's prior peremptory challenges of meaning, we must reverse the convictions.

## I.

The trial we review today is the second appellants have faced on these charges. A related jury selection problem tainted the earlier proceedings against appellants. This court reversed appellants' original convictions, quoting from *United States v. Montelongo*, 507 F.2d 639, 641 (5th Cir. 1975):

We think that the district court erred in denying the motions to quash the jury panel without allowing counsel for the defendants any opportunity to develop the nature and extent of the prior jury service of the twenty-seven members of the panel who had had prior jury service in narcotics cases.

*United States v. Mutchler*, No. 74–1536, 5th Cir., August 7, 1975 (unpublished per curiam). We remanded the case to the United States District Court for the Southern District of Texas, Corpus Christi Division.

The district court set January 26, 1976, as the jury selection date for the retrial. Pursuant to the practice in that division, jury selection for several other cases took place on that date.

The judge conducted the voir dire examination of prospective jurors for appellants' trial. Appellants previously had requested in writing that certain questions be asked at the voir dire. At the conclusion of the judge's examination, in which he had incorporated some of the requested questions, he asked counsel for both sides if they felt he had omitted any important areas of inquiry. Defense counsel raised the subject of prior similar jury service. Subsequent inquiry disclosed that ten prospective jurors had prior jury experience in narcotics cases. Defense counsel eliminated each by peremp-

tory challenge. The court instructed the selected panel to report for trial February 4, 1975, later changed to February 5.

Between selection and trial date nine of those jurors sat on cases similar to that against appellants. Four of the jurors sat on a similar marijuana prosecution February 3. Six, including one of the February 3 jurors, sat on another such case February 4, the day before appellant's trial.[1] At both the February 4 trial and that of appellants the same prosecutor conducted the government's case; one government witness appeared in both. Appellant's case and the trials conducted on February 3 and February 4 were very similar factually, each involving marijuana discovered during a Border Patrol checkpoint search of a vehicle. Each involved similar jury instructions. Each resulted in guilty verdicts.

On the date the jurors returned to court for appellants' trial, the defendants moved to quash the panel on the basis of this interim jury service. The district judge then made the following inquiry of the jurors collectively:

"Now, some of you on this panel have already recently served on other juries in criminal cases in this court. It is probable that some of the witnesses that you have heard in these prior cases will testify before you in this court in this case. The charge will be the same, as the charges in the prior cases that you have heard. And, as I said, the witnesses may very well be some of the same people, some of the same Government witnesses will be testifying here that have testified previously. This being the situation, I want to ask you if any of you feel that because of your prior jury service recently in other cases of similar kind that you will not be able to serve as fair and impartial jurors in this case and base your verdict on the testimony in this case alone without letting anything in connection with the previous cases interfere in any way with you doing that?

---

1. The juror who served at both the February 3 and 4 trials had sat on a panel hearing another,

though less similar, marijuana prosecution three months earlier.

Do any of you feel like the fact that you have heard similar cases, that the witnesses could be the same in this case, being put on by the Government, do you feel that that situation would make it difficult for you to be fair and impartial in this case?

You must, of course, decide the case based on the testimony that you hear from the witness stand in this case alone, and not on anything else that you might have heard in the other cases.

Is there any of you who feel that because of your prior jury service, you would have difficulty or it would affect you in any way in making it hard for you to make your decisions in this case based on the evidence in this case alone?

I take it, then, that you feel like you can sit as fair and impartial jurors, listen to the testimony in this case, disregard what may have gone on in the other cases, and make your decision solely on what you hear here in the courtroom from the witnesses who testify before you on the witness stand here."

Following this inquiry the judge denied the motion to quash.

Appellants' attorneys took exception to the ruling. They maintained that the jury service between selection and trial had deprived them of the effective use of their peremptory challenges. Additionally, they argued that the judge's inquiry had been inadequate to develop any foundation that might support challenges to the jurors for cause. Without success they requested that the judge ask each juror individually whether and to what extent he had made a credibility determination regarding the overlapping prosecution witness.

## II.

■ This court has recognized the importance of peremptory challenges in assuring the selection of that fair and impartial jury to which each criminal defendant is entitled. Toward this end we have emphasized the necessity of an adequate voir dire examination:

Peremptory challenges are worthless if trial counsel is not afforded an opportunity to gain the necessary information upon which to base such strikes.

*United States v. Ledee,* 549 F.2d 990, 993 (5th Cir. 1977). We agree with appellants that, after a jury has been struck, but prior to trial, permitting the designates to sit as jurors on similar prosecutions deprives defense counsel of "necessary information" upon which to base an effective exercise of peremptory challenges. On that basis we reverse the convictions.

■ That appellants were entitled to develop on voir dire some information regarding prospective jurors' prior service in similar cases is well established. *See United States v. Ochoa,* 543 F.2d 564 (5th Cir. 1976); *United States v. Montelongo,* 507 F.2d 639 (5th Cir. 1975). Indeed, we reversed the earlier convictions of these appellants precisely because the district court had failed to permit any such inquiry. *See United States v. Mutchler, supra.*

On remand the district judge properly recognized the significance of the prior service factor. At the voir dire January 26 he made what was at the time an adequate inquiry of the prospective jurors. Following that inquiry defense counsel was able to make an informed exercise of discretion and peremptorily challenged several persons who had served in similar cases.

Permitting the selected jurors to serve in similar cases prior to appellants' trial, however, rendered the prior voir dire and peremptory challenges all but meaningless with respect to the issue of similar jury experience. The effect was as if the court had made the following statement to defense counsel at the voir dire: "The court recognizes the significance of prior similar jury service and has elicited information on that subject for your use in making peremptory challenges. You must recognize, however, that no matter whom you select, a strong possibility remains that by the time of trial they will have had even more recent similar jury experience, perhaps involving some of the same government lawyers and witnesses that will participate in your

client's trial. With this caveat in mind, go ahead and strike the jury now."

In such circumstances the exercise of peremptory challenges cannot be informed. The practice encountered by appellants below vitiates the established requirement that a defendant be allowed to develop some information regarding prior similar jury service as a basis for making those challenges. For peremptory challenge purposes, yesterday's truths cannot survive nine days of similar trial experience and be resuscitated by an attempted collective sanitization. Antecedent jury service may be vital to peremptory challenges. Whether or not the judge's collective questioning could have been sufficient as regards challenges for cause, peremptory challenges represent an assumption in our adversary system that a party and his advocate can frequently discern bias in a prospective juror that cannot be extracted from his mouth in so many words. A juror who honestly swears to his impartiality may still be rightfully challenged. The vice of the process employed below is that it forces counsel to act on information that must necessarily be obsolete by the time of trial.

At least absent a showing of overwhelming administrative impracticability in a particular court, once counsel for the government and the defendant have exhausted their peremptory challenges and struck a jury, a designated juror must not sit on a similar case or one involving the same witnesses prior to the trial for which he was first selected. Absent any demonstrated necessity for permitting designated jurors to sit on similar cases between selection and trial, we cannot countenance the practice's frustration of informed jury selection.

The government offered no argument that such a rule would prove administratively infeasible in the Corpus Christi Division. Counsel for the government at oral argument stated that he simply did not know what effect such a rule might have. Additionally, the government candidly acknowledged that it would favor eliminating interim jury service of the kind that occurred in this case.

Both prosecution and defense recognized the small population in the Corpus Christi Division relative to the volume of narcotics prosecutions resulting from the two Border Patrol checkpoints within its purview. Repeat jury service unavoidably results. We in no way condemn such repeat service. Prior service in a similar case, standing alone, is not a sufficient basis to support a challenge for cause. That is the ruling of this court in *United States v. Riebschlaeger*, 528 F.2d 1031 (5th Cir. 1976), on which the government chiefly relies. While *Riebschlaeger* makes clear that prior similar experience is not grounds for a challenge for cause, the case in no way impugns the earlier holding in *Montelongo* that information about prior jury service is essential to effective exercise of peremptory challenges. It is on that holding that we base our decision today, and nothing we have been shown regarding repeat jury service in the Corpus Christi Division suggests that the court cannot at least provide counsel with a voir dire description of such service that will prove accurate through trial.[2]

To attempt to place each jury under hermetic seal would be futile; the law of jury selection ought not presuppose a false purity. We think today's decision, however, is no such vain gesture. In the case at bar a policy consciously chosen by the court below, albeit in the best of faith, foreseeably

2. We leave to the district court such administrative choices as whether to select each jury just prior to trial or to select juries in advance as at present but prohibit selected jurors from service in cases similar to the one for which they have been selected.

We also note that we are not here concerned with the district court's control of the scope of voir dire examination into prior experience.

That was the topic at issue in *United States v. Ochoa*, 543 F.2d 564 (5th Cir. 1976). We have only disapproved the effect of other jury service between selection and trial, which thwarts *Montelongo's* requirement that a defendant receive some information regarding prior jury service. *Ochoa* recognized the validity of the *Montelongo* requirement.

and significantly impinged on the meaningfulness of defense counsel's exercise of peremptory challenges. Nothing we have seen suggests that the policy is an administrative necessity. With the scales thus balanced, we must rule that once a jury is struck, the designates cannot serve prior to trial in other cases similar in fact and in legal issue or in cases in which the same government witnesses testify.

### III.

■ Our decision regarding jury selection requires that appellants' convictions be set aside. Appellants have also claimed before this court that the search of their vehicle at the Sarita checkpoint during which marijuana was discovered violated the fourth amendment. Should there be further proceedings against appellants this issue will again arise, so we address it now.

The government contends that our recognition of the validity of that search in reviewing appellants' original convictions on these charges has become the law of the case. We find it unnecessary to consider that suggestion. This Border Patrol search of appellants' vehicle at a permanent checkpoint, reasonably limited to areas where illegal aliens might be hidden, antedated the Supreme Court decision in *Almeida-Sanchez v. United States*, 413 U.S. 266, 93 S.Ct. 2535, 37 L.Ed.2d 596 (1973). Under the present law of this circuit that pre-*Almeida* search does not require application of the exclusionary rule. *See United States v. Maizumi*, 526 F.2d 848 (5th Cir. 1976); *United States v. Soria*, 519 F.2d 1060 (5th Cir. 1975); *United States v. Hart*, 506 F.2d 887, 892–93 (5th Cir.), *vacated on other grounds*, 422 U.S. 1053, 95 S.Ct. 2674, 45 L.Ed.2d 706 (1975), *affirmed on remand*, 525 F.2d 1199 (5th Cir. 1976).

The judgment of the district court is REVERSED.