# UNITED STATES of America,
## Plaintiff-Appellee,

v.

## Early D. ELDRIDGE,
### Defendant-Appellant.

### No. 77–5371
### Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 13, 1978.

Robert M. Blackmon, Corpus Christi, Tex. (Court-appointed), for defendant-appellant.

J. A. Canales, U. S. Atty., John M. Potter, George A. Kelt, Jr., Asst. U. S. Attys., Houston, Tex., Robert A. Berg, Asst. U. S. Atty., Corpus Christi, Tex., James R. Gough, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before RONEY, GEE and FAY, Circuit Judges.

PER CURIAM:

Appellant Eldridge was convicted by a jury of possessing 205 pounds of marijuana with intent to distribute, 21 U.S.C. § 841(a)(1). He was sentenced to three years imprisonment and a three-year special parole term.

Eldridge's jury was selected on March 9, 1977, and directed to return for trial on

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir. 1970, 431 F.2d 409, Part I.

March 23. Eldridge moved to quash the jury panel on various grounds, one of which was that possibly a juror might serve on other juries before his trial. The motion was overruled, the court advising counsel that he could develop a record on the issue at the time of trial. Trial was twice continued on motions by appellant and did not begin until June 6, 1977. When it did begin, Eldridge voiced no further objection to juror or panel and sought to make no record. The jury convicted, and now he seeks to raise the foregoing objection on appeal, grounding it in a letter signed by a deputy clerk and attached to his brief. This letter avers that four of Eldridge's jurors did interim service in a somewhat similar case.[1]

Defendant's failure to call the court's attention to this matter at trial when he had been given leave to do so and told that this would be the time to go into it,[2] to make any record, or object in any manner waived the point. *Cf. Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

Since Eldridge's sole issue was not properly preserved for appeal, we affirm the judgment below.

AFFIRMED.

---

1. In which, it also asserts, there was an acquittal. *See United States v. Mutchler,* 559 F.2d 955 (5th Cir. 1977), *opinion amended,* 566 F.2d 1044 (5th Cir. Sept. 21, 1977); *United States v. Jefferson,* 569 F.2d 260 (5th Cir. 1978).

2. When the objection was made at voir dire, the judge stated:

I will give you opportunity to prove your record at the time of trial. Right now I don't think there is any point in going into that because I probably wouldn't remember what you want me to do at that time, but when we get ready to go to trial, when we have got your jury in the box and the Government is going to call its first witness, then if you have any record that you want to make as far as your particular case is concerned, I will hear you. If I decide I am going to let you do it, we will do it. If I decide I am not going to let you do it, we won't do it, but I don't want to go into that now because that is something you all can raise at the time we actually call the case for trial and I don't think it is going to help any to raise that now.