**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jerome E. MOBLEY, a/k/a Snake,
Defendant-Appellant.**

**No. 80–5844.**

United States Court of Appeals,
Fifth Circuit.
Unit B

Sept. 21, 1981.

Nathaniel Dedmond, Pensacola, Fla. (Court-appointed), for defendant-appellant.

Samuel A. Alter, Jr., Asst. U. S. Atty., Pensacola, Fla., for plaintiff-appellee.

Before RONEY, VANCE and RANDALL, Circuit Judges.

PER CURIAM:

On July 17, 1980, appellant, Jerome E. Mobley, was indicted on one count of unlawful distribution of heroin in violation of 21 U.S.C. § 841(a)(1). Mobley's case was set for trial in the United States District Court for the Northern District of Florida during the week of September 15, 1980. Jury selection for Mobley's trial was set for Monday, September 15, 1980. Mobley, represented by counsel, appeared in court on that day for the voir dire examination of prospective jurors.

The record of these voir dire proceedings reflects that on Monday, September 15, jurors were selected for three criminal cases scheduled for trial during that week. All three of these cases involved drug charges. In Mobley's case and one of the others, the same undercover narcotics agent was to appear as the principal prosecution witness. Mobley's case was scheduled to be tried after the other two.

During the course of selecting the jury for Mobley's trial, Mobley's counsel exhausted his peremptory challenges and then

called the judge's attention to the fact that several of the remaining twelve jurors had already been chosen to serve on the jury panel in the case slated for trial immediately before Mobley's. Mobley's counsel, who also represented the defendant in this case, moved for a continuance in this other case in an effort to avoid the problem of overlapping jurors; however, his request was denied. At the opening of Mobley's trial on September 18, 1980, Mobley's counsel renewed his objection to the jurors on the Mobley panel who had served on the jury in the case tried on the preceding day. The trial court reasoning that "[t]he fact that the jurors have sat and heard the government's witnesses in one case doesn't mean they can't believe the defendant or the defendant's evidence in another case ...," overruled the objection. Later the same day, the jury returned a guilty verdict.

■ On appeal, Mobley argues that our decision in *United States v. Jefferson*, 569 F.2d 260 (5th Cir. 1978), establishes that the trial judge erred in overruling his objection to the jurors who had served on a similar case in the interim between their selection for Mobley's jury and the commencement of his trial and mandates the reversal of his conviction. We agree.

*Jefferson* makes clear that jurors who, in the interim between their selection as jurors for a particular case, serve as jurors in similar cases may be challenged for cause. *Id.* at 262. The *Jefferson* rule distinguishes the situation in which jurors have "interim" service from cases in which jurors, prior to their selection as jurors for a particular case, served on a jury in a similar case. In this latter situation, although counsel is entitled to develop on voir dire information concerning the nature of a prospective juror's previous jury service, *United States v. Montelongo*, 507 F.2d 639, 641 (5th Cir. 1975), such prior service, even in similar cases during the same term of court, cannot support a challenge for cause unless it can be shown that such prior service actually biased the prospective juror. *United States v. Riebschlaeger*, 528 F.2d 1031, 1032–33 (5th Cir.), *cert. denied*, 429 U.S. 828, 97 S.Ct.

86, 50 L.Ed.2d 91 (1976). By contrast, *Jefferson* holds that interim, as distinct from prior, service will support a challenge for cause because "[i]nterim service is more proximate in time and creates a heightened danger of prejudice, which is especially great when the offenses are similar or the witnesses the same ...." *Id.* at 262.

There is no dispute in this case that there were, in fact, persons on Mobley's jury who had served as jurors in the case tried on the preceding day; nor is there any question but that the cases were similar and involved some of the same witnesses. The government argues only that Mobley's counsel waived his right to challenge these jurors for cause. Although we have held that an objection to the seating of a jury on the grounds that some of its members have served on juries in similar cases in the interim between their selection and the commencement of trial may be waived by a failure to make a timely objection, *United States v. Eldridge*, 569 F.2d 319 (5th Cir.), *cert. denied*, 436 U.S. 929, 98 S.Ct. 2827, 56 L.Ed.2d 773 (1978), it is clear that no waiver of this type occurred here. Rather, the government argues that we should find a waiver of a different sort in this case. The government contends that because Mobley's counsel was aware, at the time the jury was selected on September 15, that because of the relatively small venire there could easily be an overlap among the juries selected for the three trials scheduled for the week, and failed to employ his *peremptory* challenges to avoid this situation, he waived the right to challenge these jurors later for cause.

■ Although the government cites our opinion in *United States v. Mutchler*, 559 F.2d 955 (5th Cir. 1977), *modified*, 566 F.2d 1044 (5th Cir. 1978), in support of this waiver argument, we think this theory ignores the gloss which *Jefferson* placed on *Mutchler*. *Mutchler* did indeed emphasize that interim service by jurors selected for service in a later criminal case may deprive a defendant of the meaningful use of his peremptory challenges. Standing alone, therefore, *Mutchler* might raise a question

whether, under circumstances such as these where counsel was aware, at the time of jury selection, that certain jurors were likely to see interim service in a similar case and could have used peremptory challenges to strike such jurors, reversible error is committed by a refusal to excuse these jurors at trial. *Jefferson*, however, makes clear, as we noted above, that interim service by a juror supports a challenge *for cause*. Thus, to argue that counsel waives such a challenge by failing to use an available peremptory strike to dismiss that juror in situations where interim service can be predicted at the time the jury is selected is to contend that counsel must sacrifice one of the peremptory challenges rightfully available to him or her in order to strike a juror who could properly be challenged for cause. When stated in this way, the government's "waiver" argument becomes an assertion that Mobley's counsel was required to forego his right to a full complement of genuinely *peremptory* challenges in order to exercise his right to have jurors who had interim service excused from Mobley's jury. There is no support in *Mutchler* or *Jefferson* for requiring such a trade-off of these two rights. We decline to adopt such a rule here. Mobley's counsel was entitled to exercise his allotment of peremptory strikes in any manner he thought proper and he was also entitled to challenge for cause jurors who had served on jury panels in the interim between their selection for Mobley's jury and the commencement of the trial. In this case, Mobley was denied the latter right and, consequently, the judgment of conviction must be reversed.

REVERSED and REMANDED for a new trial.