UNITED STATES of America,
Plaintiff-Appellee,

v.

Elmer Eugene FRANKLIN,
Defendant-Appellant.

No. 81–2069.

United States Court of Appeals,
Tenth Circuit.

March 4, 1983.

Thomas H. Alford, Edmondson Law Offices, Muskogee, Okl., for defendant-appellant.

Mark F. Green, Asst. U.S. Atty., Muskogee, Okl. (Betty Outhier Williams, U.S. Atty., E.D. Oklahoma, Muskogee, Okl., with him on the brief), for plaintiff-appellee.

Before DOYLE and McKAY, Circuit Judges, and TEMPLAR,* District Judge.

McKAY, Circuit Judge.

Elmer Franklin appeals his conviction of violating 18 U.S.C.App. § 1202(a) (1976), which prohibits anyone who has been convicted of a crime punishable by more than one year's imprisonment from possessing firearms that have been transported in interstate commerce. Mr. Franklin claims that juries for at least two other criminal trials were selected on the same day as his, and that some of the jurors who convicted him might have been members of other juries that heard similar cases after their selection for Mr. Franklin's case, but before his trial. He argues that the trial court erred by failing to conduct a supplemental

---

* Honorable George Templar, United States District Judge for the District of Kansas, sitting by designation.

voir dire on this issue when Mr. Franklin raised it just before trial.[1]

■ Instead of selecting a separate jury at the beginning of each case, some federal district courts hold a single proceeding in which they select a number of juries for future cases from a large group of veniremen. This procedure conserves judicial resources. It also creates the possibility, however, of juror bias arising from service in a number of similar cases. In particular, in the interim between jury selection and trial in one case, a juror might serve in another criminal case involving similar legal or factual issues or common government witnesses. A juror who has sat on a similar criminal case *before* being selected for the case in which he is challenged can be dismissed for cause only if shown to be biased. *See United States v. Mobley,* 656 F.2d 988, 989 (5th Cir.1981); *Casias v. United States,* 315 F.2d 614 (10th Cir.1963), *cert. denied,* 374 U.S. 845, 83 S.Ct. 1901, 10 L.Ed.2d 1065 (1963). However, *interim* jury service is uniquely pernicious because it is "more proximate in time and so creates a heightened danger of prejudice, which is especially great when the offenses are similar or the witnesses the same...." *United States v. Jefferson,* 569 F.2d 260, 262 (5th Cir.1978). Moreover, a defendant cannot foresee at the time of jury selection which jurors might perform interim service. The selection of juries for many cases long before trial thus prevents the defendant's meaningful exercise of his peremptory challenges by depriving him of necessary information on which to base them.[2] *United States v. Mutchler,* 559 F.2d 955, 959 (5th Cir.1977). Thus, the Fifth Circuit infers bias as a matter of law when a juror has performed interim service on a similar case, and has held that the juror can be dismissed for cause. *See Mobley,* 656 F.2d at 989. Moreover, a defendant need not keep track of each juror's service in order to assert this right; if he objects just before trial to possible interim service by some of the jurors, the trial court must allow a supplemental *voir dire* to determine whether the jury should be quashed. *United States v. Capua,* 656 F.2d 1033, 1036 (5th Cir.1981).

■ We agree with the Fifth Circuit's approach. The trial court may use the method of jury selection employed below, but it must also provide safeguards to ensure that criminal defendants' rights to impartial juries and peremptory challenges are not compromised for the sake of administrative efficiency. We therefore conclude that if a court selects juries for more than one case at a time, and if a defendant timely objects [3] to jurors' service on similar cases between selection for a case and trial of that case, the court must grant a supplemental *voir dire* to determine whether there has been such interim service. Jurors who have served in the interim on cases involving similar legal or factual issues or the same government witnesses can be dismissed for cause.

1. Mr. Franklin also argues that the trial court committed reversible error in (a) denying the defendant's request that the court reread some testimony to the jury, (b) admitting evidence suggesting that Mr. Franklin committed a crime for which he was not charged, and (c) admitting evidence that was seized in an illegal inventory search of Mr. Franklin's car. Furthermore, Mr. Franklin claims that there was insufficient evidence to support his conviction. We find no legal merit in these claims.

2. In *Casias,* by contrast, prospective jurors had served on similar cases before jury selection for the defendant's trial. *See United States v. Jasper,* 523 F.2d 395, 398 (10th Cir.1975), *cert.*

*denied,* 423 U.S. 1075, 96 S.Ct. 859, 47 L.Ed.2d 85 (1976). The defendant was able to use his knowledge of the prior service in allocating his peremptory challenges.

3. A defendant waives his right to challenge jurors on the basis of interim service if he does not assert it before testimony begins. *United States v. Capua,* 656 F.2d 1033, 1036 (5th Cir. 1981). The government argues that Mr. Franklin waived his right to a supplemental *voir dire* by raising the issue in the form of a motion for mistrial. Inasmuch as Mr. Franklin's objection was timely and explicitly challenged the jury for possible interim service in a similar case, we find no waiver.

Accordingly, we hold that the trial court erred in not conducting a supplemental *voir dire* when Mr. Franklin objected to some jurors' possible interim service. Since the record does not reflect whether any of the jurors sat on a similar case in the interim, we remand for the district court to investigate the matter. If any of the jurors sat on interim cases involving the same legal issues, facts, or government witnesses as in Mr. Franklin's case, then the court shall grant a new trial; if none of them did, the conviction is affirmed.