PER CURIAM.
Appellant/defendant seeks reversal of his conviction entered pursuant to a jury verdict finding him guilty of burglary of a dwelling with a battery upon the occupant, in violation of section 810.02, Florida Statutes (1983). It is appellant’s sole contention on appeal that the jury selection procedure utilized in this case deprived him of his right to a trial before a fair and impartial jury, guaranteed by the sixth amendment to the United States Constitution and *737 article I, section 16, of the Florida Constitution. For the reasons which follow, we reject appellant’s contention and affirm his conviction.
Appellant seeks to rely on federal case law which holds that where the procedure which was employed in the instant case of selecting juries for a number of future criminal cases in a single proceeding results in a juror performing interim service on a similar case subsequent to his voir dire by a particular defendant and prior to that defendant’s trial, bias is inferred as a matter of law. United States v. Jefferson, 569 F.2d 260 (5th Cir.1978) (remanding for determination of whether interim jury service involved similar case or same witnesses); see United States v. Mutchler, 559 F.2d 955, 960 (5th Cir.1977) (interim jury service by previously selected jurors may deprive defendant of meaningful use of his peremptory challenges), modified, 566 F.2d 1044 (1978); United States v. Mobley, 656 F.2d 988 (5th Cir.1981) (defendant did not waive right to challenge jurors for cause in situation where interim service by jurors could be predicted and defendant had failed to exhaust peremptory challenges). The rationale for these cases is that interim jury service creates “a heightened danger of [juror] prejudice, which is especially great when the offenses are similar or the witnesses the same[,]” thus impairing a defendant’s ability to intelligently exercise his challenges to prospective jurors. United States v. Franklin, 700 F.2d 1241, 1242 (10th Cir.1983) (quoting Jefferson, 569 F.2d at 262). If a defendant objects just before trial to possible interim service by one or more of his jurors, the court must afford a supplemental voir dire. Franklin, 700 F.2d at 1242; United States v. Capua, 656 F.2d 1033 (5th Cir.1981). However, this objection is waived if defendant fails to raise or reurge the objection immediately before the commencement of trial testimony when a supplemental voir dire could effectively be held. Capua, 656 F.2d at 1036.[1]
In the instant case, defendant failed to object to the jury selection procedure at a time when the trial court could have afforded him the opportunity to conduct further voir dire on the question of potential prejudice and thereby effectively exercise his juror challenges. Thus, appellant is precluded from raising the issue on appeal. Capua, 656 F.2d at 1036.
In view of our disposition, we find it unnecessary to proceed further to address the merits of appellant’s contention.
Affirmed.

. We note that Capua further stated that:
"while these procedures implement the right to trial by an impartial jury, they are but means to an end, not an inherent part of the sixth amendment. The provisions in the Federal Rules of Criminal Procedure fixing the number of peremptory challenges and the jurisprudence concerning the method as well as the grounds for making challenges for cause are not inherent components of the right to a trial by a fair and impartial jury.” Capua, 656 F.2d at 1038 (footnote omitted).