TAYLOR, J.
Appellant was convicted of aggravated assault, attempted battery, battery, and assault. We affirm the conviction and write only to address appellant’s contention that the trial court erred in denying his challenge for cause of a prospective juror who had served on a similar case the previous year.
During voir dire examination, appellant questioned Juror Isaac about his prior jury service. The following exchange occurred:
Mr. Isaac: I was here as a juror.
[Defense counsel]: Okay, when?
Mr. Isaac: Last year.
[Defense counsel]: And I don’t know, I must have missed it, what kind of case did you sit on?
Mr. Isaac: It was the same type.
[Defense counsel]: Aggravated assault?
[Defense counsel]: Do you recall who the judge was?
Mr. Isaac: No.
[Defense counsel]: Do you recall if you actually sat through the entire process?
Mr. Isaac: Yes, I did.
[Defense counsel]: Did you reach a verdict?
Mr. Isaac: Yes, I did.
[Defense counsel]: Were you foreman of the jury?
Mr. Isaac: No.
[Defense counsel]: Was there anything about sitting on an aggravated assault on a previous occasion that might impact on sitting in this case?
Mr. Isaac: No.
Appellant challenged Isaac for cause and argued that he was entitled to excuse Isaac for cause because he previously served on a jury that tried another person for the type of offense charged in the information, i.e., aggravated assault. Appellant relied upon section 913.03(6), Florida Statutes, which provides for a challenge to an individual juror for cause when the juror “served on a jury that tried another person for the offense charged in the indictment, information, or affidavit.” § 913.03(6), Fla.Stat. (1997).
While acknowledging that the statute could be construed to apply to Isaac’s prior jury service, the state urged the trial court *1111 to interpret section 913.03(6) in a different way. The state argued'that the statute permitted a challenge for cause only when the prospective juror previously served on a jury that tried another person, e.g., a codefendant, for the identical or same- offense or transaction charged in the information. - The state also argued that, in any event, section 913.03 merely provides a list of various grounds upon which a challenge for cause may be granted upon the trial judge’s discretion, but does not automatically require excusal for cause should one of the enumerated conditions exist. For the reasons discussed below, we conclude that the trial court correctly denied the challenge for cause.
Surprisingly, we have been unable to find any Florida decisions interpreting section 913.03(6) or legislative history clarifying its intent. However, our review of federal case law on this issue has been helpful. In Everitt v. United States, 281 F.2d 429 (5th Cir.1960), the fifth circuit found that the district court committed reversible error by not excluding jurors who had sat on a co-defendant’s case and who had been highly complimented by the court for so promptly bringing in convictions against the co-defendant. It is undisputed that prior jury service in the trial of a co-defendant can result in prejudice and deny a defendant his right to an impartial jury. The danger of prejudice arises from the inability of a juror to evaluate the evidence against each defendant separately and consider solely the defendant’s own acts, statements and conduct. See United States v. Diaz-Munoz, 632 F.2d 1330 (5th Cir.1980).
However, federal courts have consistently followed the general rule that prior jury service on similar cases is an insufficient basis for a challenge for cause unless it can be shown that such prior service actually biased the prospective juror. See United States v. Mutchler, 559 F.2d 955 (5th Cir.1977), reconsidered and modified, 566 F.2d 1044 (5th Cir.1978); United States v. Riebschlaeger, 528 F.2d 1031 (5th Cir.), cert. denied, 429 U.S. 828, 97 S.Ct. 86, 50 L.Ed.2d 91 (1976).,
An exception to this general rule occurs when jurors have served on a similar case in the interim between their selection as jurors for a particular case and the commencement of trial. See United States v. Mobley, 656 F.2d 988, 989 (5th Cir.1981) (explaining that “interim” service on similar cases will support a challenge for cause because it is more proximate in time and creates a heightened danger of prejudice, which is especially great when the offenses are similar or the witnesses the. same), citing United States v. Jefferson, 569 F.2d 260 (5th Cir.1978). In this case, the record reflects no such interim service by Juror Isaac, who simply stated that he sat on a similar case “last year.”
We believe that a reasonable interpretation of section 9l3.03(6) is that it applies to a prospective juror who previously served on a jury that tried another person, such as a co-defendant, for the identical or very same act or transaction as that charged in the information. We hold that section 913.03(6), Florida Statutes, does not apply to a juror who has previously served on a jury that tried an unrelated person for an offense that is merely similar in character or nature to the type of offense charged in the pending case. Prior service in a similar case, standing alone, is not a sufficient basis for a cause challenge. A challenge for cause to a juror who has sat on a similar case must be based upon a showing of actual bias or prejudice.
In determining whether sufficient bias or prejudice has been shown to justify granting or denying a challenge for cause, a trial court has great discretion and its decision will be upheld if there is support in the record for that decision. Gore v. State, 706 So.2d 1328 (Fla.1997); see also Kimbrough v. State, 700 So.2d 634 (Fla.1997) (trial court’s ruling on challenges for cause will not be set aside absent manifest error); Cook v. State, 542 So.2d 964 (Fla. *1112 1989) (trial judge is given wide discretion in determining validity of challenges for cause because the trial judge is in a superi- or position to evaluate responses to the questions propounded to jurors).
Appellant herein has failed to demonstrate that Juror Isaac’s prior service on a similar case resulted in bias or prejudice so as to render him incompetent. On the contrary, Isaac stated that there was nothing about sitting on the prior aggravated assault case that would impact his ability to serve on appellant’s jury. See Akins v. State, 694 So.2d 847 (Fla. 4th DCA 1997) (in evaluating challenge for cause, test for determining juror competency is whether juror can lay aside any bias or prejudice and render verdict solely upon evidence presented and instructions on law given by the court). We therefore find that the trial court did not abuse its discretion in denying appellant’s challenge for cause of Isaac.
AFFIRMED.
KLEIN and HAZOURI, JJ., concur.