United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 14, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51237
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE HERNANDEZ-ECHEVESTE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. P-03-CR-178-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

Vicente Hernandez-Echeveste was convicted by a jury of transportation of illegal aliens, a violation of 8 U.S.C. § 1324(a)(1)(B)(ii). Between the time that Hernandez' jury was selected and sworn and the time that his trial commenced, 11 out of his 12 jurors served interim jury service. On the morning of trial, Hernandez filed a motion asserting that some of the jurors had been on convicting juries in similar criminal cases in that interim period. The district court denied Hernandez' motion as untimely. Hernandez now appeals that ruling.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Hernandez argues correctly that his motion, filed on the morning of trial, but before any testimony was heard, was timely. See United States v. Jefferson, 569 F.2d 260, 261-63 (5th Cir. 1978); United States v. Capua, 656 F.2d 1033, 1036 (5th Cir. 1981). Any challenge for cause based on interim jury service made during voir dire would have been premature. See United States v. Brown, 699 F.2d 704, 708 (5th Cir. 1983); Jefferson, 569 F.2d at 262. Any peremptory challenge based on interim jury service made during voir dire would have been uninformed and meaningless. See United States v. Mutchler, 559 F.2d 955, 958 (5th Cir. 1977).

Hernandez' interim-jury-service challenge was timely. However, the record is insufficiently developed to determine whether the interim jury service at issue was done on convicting juries in similar trials. See United States v. Mutchler, 566 F.2d 1044, 1044 (5th Cir. 1978). Thus, this case is remanded to the district court for factual findings and a ruling on the merits of Hernandez' motion. See Jefferson, 569 F.2d at 263. "If the district court finds that interim service occurred in 'other cases similar in fact and in legal issue or in cases in which the same government witnesses' testified, as explicated in Mutchler, it should order that a new trial be held; otherwise, it should reaffirm the judgment of conviction." Id.

REMANDED.