United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 10, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

———————

No. 04-51039

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICENTE HERNANDEZ-ECHEVESTE,

Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court
For the Western District of Texas
USDC No. 4:03-CR-178-1

———————————————————————————

Before REAVLEY, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Vicente Hernandez-Echeveste (Hernandez) appeals his conviction for transporting illegal

aliens in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii), 1324(a)(1)(A)(v)(II) and 18 U.S.C. § 2.[1]  He

———————————————

[*]        Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1]        Hernandez also challenged his sentence under *United States v. Booker*, 543 U.S. 220 (2005).  At oral argument, however, he conceded that his *Booker* objection was moot as he had

argues that members of the jury panel performed interim service in a similar case, entitling him to a new trial. *See United States v. Mutchler*, 559 F.2d 955, 960 (5th Cir.1977).

Hernandez asserts that his case was similar to that of Ester Hutchinson because both cases involved smuggling contraband through the Sierra Blanca checkpoint and because Agent Angel Gomez testified in each. However, Hernandez testified in his own case and admitted the substance of Agent Gomez's testimony, i.e. that he knowingly transported illegal aliens. After that admission, the only contested issue in Hernandez's case was whether he transported aliens *for profit*, which was not an issue in Hutchinson's drug smuggling case, and to which Agent Gomez did not testify. Because there was no overlap of contested issues and because Agent Gomez's credibility was not at stake in the Hernandez's trial, we hold that Hernandez's case was not similar to Hutchinson's. *Cf. United States v. Brown*, 699 F.2d 704, 708 (5th Cir. 1983) (reversing defendant's conviction under *Mutchler* because credibility of government witness was at stake in defendant's trial).[2] Accordingly, we AFFIRM the judgment of the district court.

---

already completed his sentence.

[2]       We disagree with Hernandez's argument that a common government witness by itself renders two trials similar. The cases Hernandez cites for this proposition never squarely addressed the issue of whether two cases were actually similar. *See e.g. United States v. Price*, 573 F.2d 356, 363 (5th Cir. 1978). We do not take their language as having implicitly answered a question explicitly left open by *United States v. Mutchler*, 566 F.2d 1044, 1044 (5th Cir. 1978).