United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11321
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GREGORY RODRIGUEZ-MUNOZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:04-CR-29-ALL
--------------------

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

Luis Gregory Rodriguez-Munoz appeals his conviction and

sentence for aiding and abetting the transportation of

undocumented aliens within the United States by means of a motor

vehicle, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and 18

U.S.C. § 2.

Mootness

As an initial matter, this court must raise the issue of

mootness sua sponte because it is a threshold issue and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

implicates Article III jurisdiction. See Bailey v. Southerland, 821 F.2d 277, 278 (5th Cir. 1987). According to the records of the Federal Bureau of Prisons, Rodriguez-Munoz was released from prison on April 13, 2006. He is serving a three-year term of supervised release.

To the extent that Rodriguez-Munoz appeals his conviction, his appeal is not moot simply because his term of imprisonment has expired. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). His appeal of his sentence is not moot, either, because the district court has the authority to modify the conditions of supervised release pursuant to 18 U.S.C. § 3583(e)(2) or, after the expiration of one year of supervised release, the authority to terminate Rodriguez-Munoz's supervised release obligations pursuant to 18 U.S.C. § 3583(e)(1). See United States v. Johnson, 529 U.S. 53, 59 (2000); see also Johnson v. Pettiford, ___ F.3d ___, 2006 WL 620782, at *1 (5th Cir. Mar. 14, 2006); United States v. Hernandez, 2006 WL 690882 (5th Cir. Mar. 20, 2006) (unpublished); United States v. Benavides, 145 F. App'x 971 (5th Cir. Aug. 26, 2005) (unpublished).

Rodriguez-Munoz's Conviction

Rodriguez-Munoz asserts that his Fed. R. Crim. P. 43 and Sixth Amendment rights to a fair trial and an impartial jury were violated because the Government conducted the majority of its voir dire without his or his counsel's presence. He bases these claims on the fact that, before his trial, the Government

conducted voir dire on most of his venire in an unrelated trial. When reviewing a district court's denial of a motion to strike the venire, this court reviews determinations of fact for clear error and determinations of law de novo. See United States v. Alix, 86 F.3d 429, 434 (5th Cir. 1996).

Rodriguez-Munoz was "guaranteed the right to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure." Kentucky v. Stincer, 482 U.S. 730, 745 (1987). However, "prior jury service during the same term of court in another criminal case is not, standing alone, a sufficient basis to support a challenge for cause." United States v. Jefferson, 569 F.2d 260, 261 (5th Cir. 1978). To sustain a challenge for cause, there must be "specific evidence that the prior service biased a particular juror[.]" Id. Because Rodriguez-Munoz has not asserted a specific bias against any juror, he has failed to establish that he suffered any prejudice or that his trial was unfair because he was not present at the voir dire in the unrelated trial. See Jefferson, 569 F.2d at 261. Therefore, his argument that he had a right to be present at the voir dire in an unrelated trial is unavailing. See Stincer, 482 U.S. at 745.

Rodriguez-Munoz also had the right to counsel "during a critical stage of the proceeding." United States v. Cronic, 466 U.S. 648, 659 & n.25 (1984). Based on this right, Rodriguez-Munoz alleges that his attorney had the right to be present at

the voir dire in the unrelated trial. To prevail on his right to counsel claim, Rodriguez-Munoz has to establish that the voir dire in the unrelated trial was a critical stage of the proceeding against him and affected his substantial rights. See Cronic, 466 U.S. at 659 & n.25. Fed. R. Crim. P. 43 sets out the specifics of Rodriguez-Munoz's right to be present. Under Fed. R. Crim. P. 43, Rodriguez-Munoz's presence in the courtroom was required at every stage of his trial, see Illinois v. Allen, 397 U.S. 337, 338 (1970), which began when jury selection began in his case. United States v. Krout, 56 F.3d 643, 646 (1995). Rodriguez-Munoz was in court and represented by counsel when jury selection began in his case. His right to counsel claim is unavailing.

Accordingly, Rodriguez-Munoz's conviction is affirmed.

Rodriguez-Munoz's Sentence

Rodriguez-Munoz renews his argument, preserved in the district court, that in light of the Supreme Court's decision in Blakely v. Washington, 542 U.S. 296 (2004), his Sixth Amendment rights were violated when the district court assessed a three-level enhancement under § 2L1.1(b)(2)(A), because Rodriguez-Munoz had smuggled a total of ten illegal aliens.

Where, as here, an error under United States v. Booker, 543 U.S. 220 (2005), has been preserved in the district court, we "will ordinarily vacate the sentence and remand," unless the error is harmless." United States v. Pineiro, 410 F.3d 282, 284

(5th Cir. 2005) (internal quotation marks and citation omitted). The Government bears the burden of demonstrating that the error was harmless beyond a reasonable doubt. Id. at 285. In order to carry this burden, the Government must show that the Booker error did not affect the sentence, i.e., it must show "that the district court would have imposed the same sentence absent the error." Id. at 286.

The Government concedes Booker error. However, it contends that the error was harmless "because it is clear beyond a reasonable doubt that the district court would not have imposed a lesser sentence if the guidelines had been advisory rather than mandatory at the time of Rodriguez-Munoz's sentencing." It notes, inter alia, that the district court imposed a sentence at the top of the guideline range and that the district court found the "sentence adequately addressed the sentencing objectives of punishment and deterrence."

The imposition of the maximum sentence within the guideline range alone is insufficient to establish that the Booker error was harmless beyond a reasonable doubt. See United States v. Woods, 440 F.3d 255, 258-59 (5th Cir. 2006). In light of Woods, there is nothing in the record which demonstrates beyond a reasonable doubt that the district court would have imposed the same sentence under the post-Booker advisory sentencing regime.

Accordingly, the Government cannot meet its burden, and Rodriguez-Munoz's sentence is vacated and the case is remanded for

resentencing in accordance with <u>Booker</u>.  This remedy does indeed present an unusual situation:  the district court must impose a new sentence, which includes a term of imprisonment, but Rodriguez-Munoz has completed that part of his sentence; thus, even if the district court decides to impose a lesser sentence, which it is authorized to do, it will have no effect on prison time to be served.  Thus, the only practical relief available on remand is that provided in 18 U.S.C. § 3583(e), a decision committed to the discretion and good judgment of the district court.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.