## TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellant,

v.

## Heriberto BEATTIE, Appellee.

### No. 04–86–00387–CV.

Court of Appeals of Texas, San Antonio.

June 30, 1987.

Rehearing Denied July 23, 1987.

Sharon Callaway, Grant E. Adami, III, Groce, Locke & Hebdon, San Antonio, for appellant.

V.F. Knickerbocker, Eagle Pass, for appellee.

---

1. Defendant's points concern only the factual sufficiency of the evidence and he prays only for a remand.

OPINION

Before ESQUIVEL, CANTU and REEVES, JJ.

CANTU, Justice.

This is an appeal from a judgment in favor of the appellee, Heriberto Beattie, in a worker's compensation case. A jury found that appellee suffered a permanent and total incapacity as the result of a work related injury. Appellant, Texas Employers Insurance Association, appeals from the judgment alleging that it was denied its constitutionally guaranteed right to a fair and impartial trial. We agree.

The record reflects that on January 27, 1986, the 293rd District Court of Maverick County conducted jury selection for several cases set for trial during March 1986. Two of the cases set, *Lopez v. Texas Employers Insurance Association*, (*Lopez*) and the instant case (*Beattie*) were worker's compensation cases in which Texas Employers Insurance Association was the defendant insurer, the Texas Apparel Company was both plaintiffs' employer and Grant E. Adami III was the defense counsel. Additionally, the claimants in both *Lopez* and *Beattie* allegedly sustained back injuries which were treated by Dr. Luis Gonzalez Rios.

The jury for the *Lopez* case was selected first. Approximately one and one-half hours later, Adami was given a jury panel list for the *Beattie* case, and noticed that eight of the persons on the list had just been selected to serve on the *Lopez* jury and two of the persons had indicated during the *Lopez* jury selection that they could not be fair jurors. Appellant moved for a continuance until such time as a "fresh" jury panel would be available. The motion for continuance was denied. *Voir dire* was conducted however, the proceedings were not recorded for the record.

Nevertheless the record reflects that Adami was forced to select a jury panel and two alternates from a panel list that included eight *Lopez* jurors. Although Adami exercised his allotted peremptory strikes, three jurors from the *Lopez* jury remained on the *Beattie* jury.

On March 31, 1986, the date set for trial in the *Beattie* case, appellant moved for mistrial based upon the similarity of the two cases and because three jurors on the *Beattie* panel had been members of the *Lopez* jury. The *Lopez* trial had been held less than two weeks earlier. Appellant argued that the jurors would not be able to distinguish between the two cases. Appellant also requested that the three common jurors, Robert Torres, Juan Lopez and Narcisco Chavarria be struck and a supplementary panel be called for the selection of three new jurors. A supplementary *voir dire* was also requested to inquire of the three common jurors if they had any preconceptions or prejudices resulting from the *Lopez* trial. All three motions were denied.

After the evidence at trial, the jury reached a verdict in Beattie's favor. Judgment was entered that appellee recover $62,812.90 for compensation and $5,761.50 for medical expenses. Appellant then filed a motion for new trial based upon its alleged denial of a fair trial contending that the trial court's denial of its motions for continuance, supplementary *voir dire* and to strike the three common jurors resulted in the lack of a fair and impartial jury. The motion for new trial was also overruled.

Appellant raises eight points of error. Points one through four complain that appellant was denied its right under the Texas Constitution to trial by a fair and impartial jury when the trial court erred in denying or overruling its motion for mistrial, motion to strike the three common jurors, request for supplementary *voir dire*, and motion for new trial. In points five through eight appellant alleges that its due process rights under the Texas Constitution and the Fourteenth Amendment of the United States Constitution were violated when it was denied a fair and impartial jury as a result of the trial court's denial of its motion for mistrial, motion to strike the three common jurors, request for supplementary *voir dire*, and motion for new trial.

Appellant alleges that it was denied a fair and impartial jury and engages in a protracted discussion on the constitutional right to a fair and impartial jury. *See* TEX. CONST. art. I, § 15. Appellant contends that a person who has a bias or prejudice in favor of or against a party is disqualified from serving as a juror,[1] and maintains that the principal method to implement the right to an impartial jury is through the system of challenges for cause or preemptory challenges. Appellant then argues that it was unable to challenge the jurors for cause because it was denied an opportunity to question the jury panel a second time to determine if any of the jurors were biased or prejudiced, and was prevented from intelligently exercising its peremptory challenges because of interim jury service.

Appellees argues that there is no evidence that the jurors were biased or prejudiced by interim jury service in the *Lopez* case. Appellant counters that it was prevented from obtaining such evidence because the trial court denied its request for supplementary *voir dire.*

Thus the essential question before us is whether the trial court erred in denying appellant an opportunity to obtain evidence of bias or prejudice through supplementary *voir dire.*

■ The propriety of reopening *voir dire* has been held to rest within the sound judicial discretion of the trial court. However, if a claim of prejudice on the part of a juror is based solely on speculation or conjecture, no abuse in denying a motion for supplementary *voir dire* is shown. *Foley v. Revlon, Inc.,* 200 So.2d 627 (Fla.Dist.Ct. App.1967). Where it is shown by specific evidence that a juror has become biased by interim jury service the juror may be excused. It is not sufficient to show merely that a juror served on an interim jury. But rather it must be shown that the juror was actually prejudiced thereby. *U.S. v. Price,* 573 F.2d 356 (5th Cir.1978).

■ Appellant was denied an opportunity to show that the three common jurors were prejudiced or biased as the trial court refused its motion for supplementary *voir dire.* Permitting selected jurors to serve in similar cases prior to trial renders prior *voir dire* and the use of peremptory challenges all but meaningless with respect to the issue of similar jury service. *U.S. v. Mutchler,* 559 F.2d 955 (5th Cir.1977), *opinion amended,* 566 F.2d 1044 (5th Cir. 1978). Thus appellant was denied the most effective means by which to demonstrate juror bias in order to effectively exercise peremptory challenges or challenges for cause.

Appellee contends that the dissimilarities between *Lopez* and the instant case illustrate the speculative allegations of juror bias. However, we find that the trial court's denial of an opportunity to expose potential bias, after a timely request to do so, resulted in a denial of the right to a fair and impartial jury. Appellant's third point of error is sustained.

Having sustained this point of error, which requires reversal, we need not address appellant's other points of error. The judgment of the trial court is reversed and the cause remanded for a new trial.

---

1. A person is disqualified to serve as a petit juror in a particular case if he:

\*   \*   \*   \*   \*   \*

(4) has a prejudice in favor of or against a party in the case; ...

TEX.GOV'T CODE ANN. § 62.105(4) (Vernon Pamp.1987); *see also, Compton v. Henrie,* 364 S.W.2d 179 (Tex.1963) (extends to subject matter of litigation as well).