**Willie HOUSTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–86–00998–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 31, 1987.

Desmond Gay, Houston, for appellant.

Charles D. Houston, Bellville, for appellee.

Before COHEN, WARREN and DUNN, JJ.

COHEN, Justice.

After finding appellant guilty of possession of cocaine with intent to deliver, a jury assessed his punishment at 12 years imprisonment.

Appellant contends that the trial court should have granted his motion to quash the jury because the jury selected on September 8, 1986, decided a similar case between then and September 11, when his trial began. He asserts that the jury was tainted because the interim case involved a similar offense and the same witnesses.

The motion hearing revealed that eight of appellant's jurors had decided a controlled substance delivery case after they were sworn, but before appellant's trial began. The defendant in that case was convicted. However, nothing in the record indicates that the delivery case was related to appellant's case or involved similar evidence, or that the cases had common witnesses for the State or for the defense, or that the same prosecutor or defense attorney appeared in both cases. The only apparent similarity is that both cases alleged violations of the Controlled Substances Act.

The trial court responded to appellant's motion by warning the jury that each case must be considered independently, and by asking the jurors individually if they would treat appellant's case independently and be uninfluenced by any other case. Each responded affirmatively. The court then overruled the motion without further objection by appellant. Although the motion had asked that appellant be allowed to examine the jurors concerning the interim trial, appellant does not assert on appeal that the court's examination was inadequate, or that further examination by his attorney was necessary. Rather, he contends that the jury should have been discharged.

Appellant relies on federal authorities, specifically *United States v. Mobley*, 656 F.2d 988 (5th Cir.1981), and *United States v. Mutchler*, 559 F.2d 955 (5th Cir.1977), *modified by*, 566 F.2d 1044 (5th Cir.1978). We find both cases to be distinguishable. In *Mobley* and *Mutchler*, the interim cases involved the same witnesses and similar facts and charges. The same defense attorney was involved in *Mobley*, and the same prosecutor was involved in *Mutchler*. Moreover, there was in *Mutchler* an objection to the judge's inadequate voir dire concerning interim service, and a denied request for individual voir dire.

We have found no decisions that reversed convictions solely because the interim case involved similar statutory violations, as in the instant appeal. Each case where reversal occurred also involved the same witnesses, the same attorneys, or the same facts as the interim case. In the present case, appellant did not ask the judge to determine whether the interim case involved similar facts, legal issues, witnesses, or attorneys.

The problems raised by interim jury service have troubled federal appeals courts in other circuits, as well. *See United States v. Countryman*, 758 F.2d 574 (11th Cir. 1985); *United States v. Franklin*, 700 F.2d 1241 (10th Cir.1983). The courts have recognized that interim jury service presents greater obstacles to conducting a fair trial than does prior jury service.

> In some districts, repeat jury service is inevitable because of the small population base from which jury panels are selected. There is nothing wrong with this practice. The rule in this Circuit, and indeed in all of the federal courts, is that prior jury service during the same term of court in another criminal case is not, standing alone, a sufficient basis to support a challenge for cause.... Interim service is more proximate in time and so creates a heightened danger of prejudice, which is especially great when the offenses are similar or the witnesses are the same....

*United States v. Jefferson*, 569 F.2d 260, 261–62 (5th Cir.1978).

Similar jury selection procedures have been characterized as "a fundamental defect in the trial proceedings," but nevertheless "not of constitutional dimension." *United States v. Capua,* 656 F.2d 1033, 1038 (5th Cir.1981).

■ Many Texas counties, including a number within our district, have small populations and allow interim jury service. We urge trial court judges facing challenges based on interim jury service to conduct additional voir dire in order to determine whether the interim case and the case on trial are "similar." As the Fifth Circuit held in clarifying its original *Mutchler* opinion:

Prosecutions clearly are 'similar' where they involve the same offense, the same prosecuting witnesses and the same prosecutor. That is the rule of this case. We decline to speculate whether prosecution for a related offense or other variations and combinations of these elements would render a particular situation dissimilar. That issue should be resolved in the context of determining the impact of such circumstances on an informed, meaningful exercise of the defendants' right to preemptory [sic] challenges.

*United States v. Mutchler,* 566 F.2d 1044 (5th Cir.1978) (per curiam opinion modifying the earlier opinion reported at 559 F.2d 955).

Because appellant has not shown that the instant case and the interim case involved similar facts, witnesses, or attorneys, we hold that the trial court did not abuse its discretion in denying the motion to quash the jury.

The sole point of error is overruled.

The judgment is affirmed.