Theo LINNELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–92–00364–CR.

Court of Appeals of Texas,
Tyler.

May 31, 1994.

Rehearing Overruled Aug. 3, 1994.

John Fischer, Huntsville, for appellant.

Randy Sikes, Palestine, for appellee.

PER CURIAM.

Appellant was convicted by a jury of the offense of possession of a deadly weapon in a penal institution, and his punishment was assessed at ten years' confinement and a $1,845 fine. On appeal, Appellant raises two points of error. We will affirm the conviction.

By his first point of error, Appellant alleges that the trial court erred in requiring two criminal juries to be picked from one venire panel.[1] Before voir dire of the venire panel in this case, Appellant's trial counsel made the following statement in response to the trial court's offer to reshuffle:

We don't wish a reshuffle, but I would just like to object after seeing the panel, it's just obvious some of the same jurors could be the same jurors who will also be sitting in the case *The State of Texas v. Frederick Pugh* and I would like to object in that just potential jurors in one case, involved in a criminal trial might adversely affect Mr. Linnell. There is no way we could find this out through voir dire. I don't think until they are in that situation that they could know what might influence or bias them. It has been my objection simply that they came from the same pool as that of another case.

---

1. Appellant's complaint stems from the fact that two criminal juries were selected from the same venire panel. Eight of these jurors who had served on the first jury were also seated the next day as jurors in Appellant's case.

THE COURT: I am overruling your objection. Does the State wish a reshuffle?

Citing *McCarter v. State*, 837 S.W.2d 117 at 119 (Tex.Cr.App.1992), Appellant argues that the trial court deprived him of the right to question prospective jurors whether their jury service in another inmate's trial prejudiced them against Appellant; thus Appellant says he was deprived of the intelligent and effective exercise of peremptory challenges and challenges for cause during the jury selection process.

*McCarter* involved the trial court's refusal to allow the appellant's attorney additional time on voir dire to pursue proper voir dire questions and answers. Unlike *McCarter,* in the instant case Appellant's counsel was not prohibited from conducting additional voir dire examination on the issue of potential prejudice resulting from interim jury service. Instead, Appellant's counsel declined to conduct such voir dire because she did not feel it would be effective.

■ In *Kirkland v. State,* Judge Onion wrote: "The fact that some prospective jurors on a jury panel have had prior jury service in a civil or criminal case is not a phenomenal thing to the Texas trial bench and bar." *Kirkland v. State,* 786 S.W.2d 557, 559 (Tex.App.—Austin 1990, no pet.). Although, the selection of more than one jury from a venire panel, has been characterized as "a fundamental defect in the trial proceedings," it has never been held to be "of constitutional dimension." *United States v. Capua,* 656 F.2d 1033, 1038 (5th Cir.1981). Because many Texas counties have small populations, interim jury service is allowed. *Houston v. State,* 743 S.W.2d 751 (Tex. App.—Houston [1st Dist.] 1987, no pet.). Thus, it is well settled that the selection of more than one jury from a venire panel is a necessary and accepted practice in some counties.

■ Moreover, since Appellant's counsel chose not to voir dire the venire panel to uncover potential prejudice or bias, he cannot now complain that this accepted practice of jury selection was tainted by his inability to *intelligently and effectively* challenge potential jurors on the matter of potential bias. The point of error is overruled.

In his second point of error, Appellant alleges that the trial court erred in overruling his motion to quash the jury panel. Before opening statements, Appellant requested that the court read into the record names of the eight jurors who had completed interim jury service on the *Pugh v. State* case the night before sitting as jurors on Appellant's trial. After the court read the jurors' names into the record, the following exchange between the court and Appellant's trial counsel took place:

APPELLANT'S COUNSEL: And, your Honor, we just object to proceeding with the jurors in that we just feel like there is always the potential that they have just heard a criminal trial against an inmate, so there is just a potential that there is some prejudice or something that might carry over. Also we were here very late last night. They had a lot of difficulty reaching a verdict. Apparently there was some anger within the jurors. Of course, we do not know much about that. They have been instructed not to talk to the lawyers. But we are just concerned that there may be some prejudice towards the defense by proceeding with these same jurors.

THE COURT: Well, you have not said anything that requires me to rule on anything.

APPELLANT'S COUNSEL: I move to quash this jury panel just on the basis that these same people have—

THE COURT: Well, your motion is respectfully denied.

Appellant, citing *Houston v. State*, argues that the trial court erred in failing to allow additional voir dire in order to determine whether the interim case and the case on trial were similar. In *Houston*, the court of appeals urged trial judges faced with challenges based on interim jury service to conduct additional voir dire "in order to determine whether the interim case and the case on trial 'are' similar." *Houston*, 743 S.W.2d at 753. However, in *Houston*, the appellant's written motion had requested that the court allow him to voir dire the jurors concerning the interim trial, whereas here, no such request was made by Appellant orally or in writing. Thus, it cannot be said that the trial court denied Appellant the right to conduct additional voir dire.

In *Kirkland v. State*, the court noted that in the absence of a showing that panel members were biased or prejudiced by such prior jury service, no error is shown if the trial court refuses to disqualify the prospective jurors. *Kirkland*, 786 S.W.2d at 559 citing TEX.CODE CRIM.PROC.ANN. 35.16(a)(9). In *Kirkland*, the appellant cited federal cases in support of his position that bias could be implied from the fact that some of his jurors had previously had interim jury service on a case similar to the appellants, and thus should have been stricken for cause. The *Kirkland* court, after reviewing federal cases on the subject, concluded that as stated by the Fifth Circuit:

> [Jurors] who have interim service on a convicting jury in a similar case *in which the government presented the testimony of the same prosecuting witnesses may be challenged for the reason of implied bias.* Having passed upon the credibility of witnesses in a similar case, and having rendered a verdict on their oaths, it is improbable that these jurors can sit without their previous opinions and verdict influencing them. This is the "interim jury service" prohibited by these cases.

*Kirkland* 786 S.W.2d at 560 quoting *U.S. v. Brown*, 699 F.2d 704, 708 (5th Cir.1983) (emphasis added).

 Here, as in *Brown* and in *Kirkland*, the interim jury service would not support a finding of implied bias of the eight jurors.

While Appellant alleges that both cases had the same attorneys and involved inmate defendants, the record does not show that both cases presented the same prosecuting witnesses. Consequently, the burden was on Appellant to establish actual bias by voir dire or otherwise. *See Kirkland; Also see Killebrew v. State*, 746 S.W.2d 245 (Tex.App.— Texarkana 1987, no pet.). Since Appellant failed to request permission to voir dire the eight jurors who had had interim jury service, and Appellant is not entitled to a presumption of bias, we cannot say that the trial court erred in overruling Appellant's motion to quash the jury panel. Appellant's second and final point of error is overruled.

The judgment of the trial court is affirmed.