**Theo LINNELL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1186–94.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 27, 1996.

---

John S. Fischer, Staff Attorney, Inmate Legal Services, Huntsville, for appellant.

Pam Foster Fletcher, Asst. Dist. Atty., Palestine, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

A jury convicted appellant of possession of a deadly weapon in a penal institution, Tex. Penal Code Ann. § 46.11 (now § 46.10), and assessed punishment at ten years confinement and $1,845.00 fine. The Court of Appeals affirmed. *Linnell v. State,* —— S.W.2d ——, 1994 WL 912245 (Tex.App.—Tyler 1994 Cause No. 12–92–00364–CR, delivered May 31, 1994). We will reverse.

### I.

This case involves interim jury service. Interim jury service occurs when a juror serves on a separate jury during the period between selection as a juror in the defendant's trial and the commencement of the defendant's trial. *United States v. Jefferson,* 569 F.2d 260, 262 (5th Cir.1978). Appellant contends, *inter alia,* that interim jury service deprived him of the intelligent exercise of his peremptory strikes.[1] As the facts

---

1. Appellant's grounds for review state:

The Court of Appeals erred in holding that the trial court's requirement that two criminal juries be picked from one venire panel did not prevent petitioner from intelligently exercising his right to make peremptory challenges, and did not deny appellant the ability to adequately challenge eight of his jurors for cause.

are somewhat confusing we will describe them in detail.

At the time of his trial, appellant was an inmate at the Coffield Unit of the Texas Department of Criminal Justice. His case was scheduled for trial in Anderson County the week of September 28, 1992. Another inmate was also scheduled for trial that week. In both cases, the State was represented by the same prosecutor while appellant and the other inmate were represented by the same defense counsel. The other inmate was to be tried first and appellant's trial would follow. Both juries were to be selected from the same venire.

Voir dire was conducted and the jury for the interim trial was selected. Those jurors remained on the venire and were eligible for jury service on both the interim trial and appellant's trial. Appellant objected to the jurors selected for the interim trial being included in his venire. The trial judge overruled the objection and the voir dire in appellant's case proceeded.

In the interim case, the jury convicted the other inmate of assault on a correctional officer. Before appellant's trial began, appellant again objected to the jury selection process. At appellant's request, the trial judge read the names of the eight jurors who served on the interim trial and who were also serving as jurors on appellant's trial. Appellant moved to quash the jury. The motion to quash was denied and appellant was tried and convicted.

On direct appeal, the Court of Appeals held appellant was not denied the opportunity to intelligently exercise his peremptory challenges simply because both juries were selected from the same venire. *Linnell,* —— S.W.2d at ——, slip op. pg. 2.[2]

The Court of Appeals erred in holding that the trial court did not abuse its discretion in overruling appellant's motion to quash the jury panel.

2. In part the Court of Appeals relied on *United States v. Capua,* 656 F.2d 1033 (5th Cir.1981), which held interim jury service was not an error of "constitutional dimension." The Court of Appeals' reliance upon *Capua* was misplaced. The instant case was before that Court on direct

## II.

Appellant contends the interim jury service deprived him of the intelligent exercise of his peremptory challenges. *See,* n. 1, *supra.*

The Sixth Amendment guarantees the "assistance of counsel" and a trial before "an impartial jury." U.S. Const. amend. VI. Essential to this guarantee is the right to question veniremembers in order to intelligently exercise peremptory challenges and challenges for cause. *Nunfio v. State,* 808 S.W.2d 482 (Tex.Cr.App.1991); *Dinkins v. State,* 894 S.W.2d 330, 344–345 (Tex.Cr.App. 1995); *Burkett v. State,* 516 S.W.2d 147, 148 (Tex.Cr.App.1974); *Hernandez v. State,* 508 S.W.2d 853 (Tex.Cr.App.1974) ("[T]he right to propound questions on voir dire, in order to intelligently exercise peremptory challenges, is of the greatest importance."); *McCarter v. State,* 837 S.W.2d 117, 119 (Tex. Cr.App.1992); *and, Naugle v. State,* 118 Tex. Crim. 566, 40 S.W.2d 92, 94 (App.1931). Similarly, when addressing the Texas Constitution we have held:

> The right to be represented by counsel, guaranteed by Article 1, Section 10 of the Texas Constitution, encompasses the right of counsel to question the members of the jury panel in order to intelligently exercise his peremptory challenges.

*Mathis v. State,* 576 S.W.2d 835, 836–837 (Tex.Cr.App.1979). *See also, Smith v. State,* 703 S.W.2d 641, 643 (Tex.Cr.App.1985); *Guerra v. State,* 771 S.W.2d 453, 467 (Tex.Cr. App.1988); *Mathis v. State,* 167 Tex.Crim. 627, 322 S.W.2d 629 (App.1959).

Moreover, the permissible areas of questioning the venire in order to exercise peremptory challenges are broad and cannot be unnecessarily limited. *Mathis,* 576 S.W.2d at 836–837. In this regard, we have recognized that prior jury service is an ap-

appeal and *Capua* 's holding was expressly limited to collateral proceedings such as habeas corpus applications. *Capua,* 656 F.2d at 1038. It is axiomatic that less relief is available in habeas proceedings than on direct appeal. *See generally, Ex parte Tovar,* 901 S.W.2d 484, 485 (Tex.Cr. App.1995). Therefore, because the instant case involves a direct appeal, *not* a collateral attack, *Capua* is not controlling.

propriate area for the parties to question the venire. *De La Rosa v. State,* 414 S.W.2d 668, 670 (Tex.Cr.App.1967); *and, Tobar v. State,* 874 S.W.2d 87, 90 (Tex.App.—Corpus Christi 1994). *See also, United States v. Ochoa,* 543 F.2d 564 (5th Cir.1976); *United States v. Montelongo,* 507 F.2d 639 (5th Cir. 1975); *and, Jefferson,* 569 F.2d at 262.

### III.

This is a case of first impression as we have never addressed the issue of interim jury service. However, several of our courts of appeals and the Fifth Circuit Court of Appeals have considered the issue.

### A.

In *Kirkland v. State,* 786 S.W.2d 557 (Tex. App.—Austin 1990), multiple juries were selected from the same venire to hear several driving while intoxicated cases. Kirkland's case was the second case to be tried. Kirkland objected to this process and requested that the jurors who were selected in the interim case be excluded from the venire. *Id.,* 786 S.W.2d at 559. The trial judge denied the request. Before testimony began, Kirkland attempted to challenge for cause three jurors who had engaged in interim jury service. *Ibid.* The trial judge denied the challenges.

The *Kirkland* Court distinguished *interim* jury service from *prior* jury service, where actual bias must be demonstrated. *Id.,* 786 S.W.2d at 560. In situations involving interim jury service where the cases are "similar" a heightened danger of prejudice in the form of "implied bias" exists. *Ibid. See also, Killebrew v. State,* 746 S.W.2d 245, 249 (Tex. App.—Texarkana 1987); *Texas Employers Ins. Ass'n v. Beattie,* 733 S.W.2d 700 (Tex. App.—San Antonio 1987); *and, Houston v. State,* 743 S.W.2d 751 (Tex.App.—Houston [1st Dist.] 1987).

### B.

The Fifth Circuit Court of Appeals has considered this issue on several occasions. The leading case in this area is *United States v. Mutchler,* 559 F.2d 955 (5th Cir.1977), where the defendant objected to the trial judge using the same venire to select several juries. Evidence indicated nine of Mutchler's jurors sat as jurors on an interim case. *Id.,* 559 F.2d at 957. The cases were factually similar, involved the same government witness and the same prosecutor. *Ibid.* Mutchler moved to quash the jury based upon the interim jury service. The trial judge denied Mutchler's motion, but questioned the jurors regarding any potential bias. *Id.,* 559 F.2d at 957–958. The Fifth Circuit reversed, holding interim jury service *"rendered the prior voir dire and peremptory challenges all but meaningless with respect to the issue of similar jury experience." Id.,* 559 F.2d at 958.[3] *But see, United States v. Brown,* 699 F.2d 704 (5th Cir.1983)(No error when jurors are selected for interim service but do not serve.); *and, United States v. Basey,* 816 F.2d 980 (5th Cir.1987)(Recent prior jury service is not analogous to interim jury service.).

### C.

Although in many jurisdictions repeat jury service is inevitable, *Jefferson,* 569 F.2d at 261, there is a key difference between *prior* jury service and *interim* jury service: the difference is the ability of the parties to question veniremembers about the former but not the latter. As the Fifth Circuit reasoned: "The vice of [interim jury service] is that it forces counsel to act on information that must necessarily be obsolete by the time of trial." *Mutchler,* 559 F.2d at 959.

... The effect was as if the court had made the following statement to defense

---

3. All emphasis is supplied unless otherwise indicated.

The Court amended its opinion in *Mutchler* to provide the following explanation:

Prosecutions clearly are "similar" where they involve the same offense, the same prosecuting witnesses and the same prosecutor. That is the rule of this case. We decline to speculate whether prosecution for a related

offense or other variations or combinations of these elements would render a particular situation dissimilar. That issue should be resolved *in the context of determining the impact of such circumstances on an informed, meaningful exercise of the defendants' right to peremptory challenges.*
*United States v. Mutchler,* 566 F.2d 1044 (5th Cir.1978).

counsel at the voir dire: "The court recognizes the significance of prior similar jury service and has elicited information on that subject for your use in making peremptory challenges. You must recognize, however, *that no matter whom you select, a strong possibility remains that by the time of trial they will have had even more recent jury experience ... With this caveat in mind, go ahead and strike the jury now."* *Id.,* 559 F.2d at 958–959.

## IV.

 In the instant case the parties were required to conduct voir dire and exercise their peremptory strikes *before* the interim jury service. By picking two juries from the same venire, it was impossible to question the interim jurors concerning jury service which they had yet to experience. No amount of voir dire can determine the effects of sitting in a trial which has not yet taken place. And, as the Courts in *Kirkland* and *Jefferson* noted, there exists a "heightened danger of prejudice" with interim jury service. *Kirkland,* 786 S.W.2d at 559; *and, Jefferson,* 569 F.2d at 262. Consequently, we hold that interim jury service denies the parties the intelligent exercise of their peremptory challenges. *Mutchler,* 559 F.2d at 958 (By permitting jurors to serve on another jury during the interim between voir dire and trial, the trial judge rendered the parties' peremptory challenges all but meaningless.).

■ We understand that repeat jury service may be necessary in some jurisdictions because of their small population. *See, Jefferson,* 569 F.2d at 261. However, even in those jurisdictions the constitutional right to counsel encompasses the right to question prospective jurors in order to intelligently exercise peremptory challenges. *McCarter,* 837 S.W.2d at 119. Therefore, we hold that if the trial judge intends to select more than one jury from a single venire, the veniremembers selected to serve as jurors must be excluded from the venire from which the other jurors will be selected.

4. In light of our disposition of appellant's first ground for review, the second ground for review

■ In the instant case this process was not followed and eight members of appellant's jury served on the interim jury. Consequently, appellant was denied the intelligent use of his peremptory challenges. In these situations harm is presumed. *Cf., Nunfio v. State,* 808 S.W.2d 482, 484 (Tex.Cr. App.1991). Appellant's first ground for review is sustained.

The judgment of the Court of Appeals is reversed and the case is remanded to the trial court.[4]

McCORMICK, P.J., and WHITE, J., concur in the result.

KELLER, J., dissents.