**George Robert BERRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 12–96–00135–CR, 12–96–00130–CR.**

Court of Appeals of Texas,
Tyler.

April 30, 1998.

Discretionary Review Refused
Sept. 16, 1998.

Marcelyn M. Curry, Houston, for appellant.

Cindy Maria Garner, Crockett, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

PER CURIAM.

George Robert Berry ("Appellant") appeals his conviction for indecency with a child, and he appeals the revocation of his probation for possession of cocaine because of the conviction for indecency with a child, cause numbers 12–96–00135–CR and 12–96–00130–CR, respectively. Appellant presents two points of error on appeal from each judgment. We will affirm.

A procedural review of these cases may clarify our resolution of the issues presented. On July 3, 1989, Appellant pled guilty to possession of a controlled substance and was placed on probation for a term of ten years. In early 1996, Appellant was indicted on the charge of indecency with a child. The State filed a motion to revoke Appellant's probation based on that indictment and, by agreement of the parties, the trial court heard the motion to revoke during the trial. On March 4, 1996, Appellant was tried and convicted by a jury for the offense of indecency with a child. The trial court sentenced Appellant to thirteen years' imprisonment for that offense, then revoked his probation and sentenced him to ten years' imprisonment on the possession of a controlled substance charge.

Appellant raises the same points of error in each case. In his first point of error, he contends the trial court erred in failing to grant his motion for a new trial based upon his allegation that the jury used his failure to testify as a circumstance against him. Secondly, he complains that the trial court's implementation of interim jury service in the jury selection process denied him the intelligent use of his peremptory jury challenges.

■ We will first address the points of error raised regarding the revocation of Appellant's probation. The trial court granted a joint request from Appellant and the State that it consider the trial evidence for the purpose of deciding the motion to revoke. No mention of this matter was made to the jury. In a hearing on a revocation of probation, the trial judge is the trier of fact and is given wide latitude to exercise his discretion. *Cole v. State,* 578 S.W.2d 127, 128 (Tex.Cr.

App.1979). There is no right to a jury at probation revocation hearings. *Valdez v. State*, 508 S.W.2d 842, 843 (Tex.Cr.App.1973). The motion to revoke, where based on new criminal charges, may be joined with the trial of those charges. *Solis v. State*, 589 S.W.2d 444, 445 (Tex.Cr.App.1979). Appellate review of a probation revocation is limited to a determination of whether the trial court abused its discretion. *Barnett v. State*, 615 S.W.2d 220, 222 (Tex.Cr.App.), *appeal dismissed*, 454 U.S. 806, 102 S.Ct. 79, 70 L.Ed.2d 75 (1981); *Burke v. State*, 930 S.W.2d 230, 233 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). And, because a revocation of probation hearing is a proceeding tried before the court and not a jury, the trial court is not required to consider a motion for new trial and cannot commit error by denying the motion. *Glaze v. State*, 675 S.W.2d 768, 769 (Tex.Cr.App.1984); *Kinnard v. State*, 767 S.W.2d 916, 917 (Tex.App.—Ft. Worth 1989, pet. ref'd). Appellant's contention regarding the use of interim jury service and the jury using his failure to testify against him are without merit since the jury did not hear the revocation of probation. *Cole*, 578 S.W.2d at 128. Appellant's points of error in 12–96–00130–CR are overruled and the judgment of the trial court is affirmed.

■ In cause number 12–96–00135–CR, Appellant raises the same points of error in regards to the jury trial for the offense of indecency with a child. A recitation of the facts is not necessary to resolve the issues raised on appeal; however, the jury heard testimony from the victim and others that Appellant placed his penis on the vagina of the eight-year-old victim on several occasions. Appellant did not testify at the guilt/innocence phase of the trial. At the hearing on the motion for new trial, Appellant offered the testimony of several jurors, all of whom stated that they did not take Appellant's failure to testify into consideration when deciding his guilt. The testimony of Juror Whitting ("Whitting") is the only evidence in support of the issue raised by Appellant. While Whitting denied that she or anyone else considered Appellant's failure to testify as evidence of guilt, she stated that she hoped he would testify at the punishment phase of the trial and that they would hear more evidence about him. The trial court heard the testimony of the jurors called and concluded that the jury convicted Appellant upon the evidence presented and nothing else.

■ Granting or denying a motion for new trial rests within the sound discretion of the trial court, and in the absence of abuse of that discretion, its decision will not be disturbed on appeal. *State v. Lyons*, 812 S.W.2d 336 (Tex.Cr.App.1991); *Smith v. State*, 873 S.W.2d 66, 70 (Tex.App.—Tyler 1993, pet. ref'd). The jury was instructed during voir dire and in the jury charge that they were not to consider Appellant's silence. At the hearing on the motion for new trial, only Whitting testified that she hoped that Appellant would testify at the next phase of the trial. Not every mention of accused's failure to testify requires reversal of the conviction. *Powell v. State*, 502 S.W.2d 705 (Tex.Cr.App.1973); *Smith*, 873 S.W.2d at 70. To constitute reversible error, the reference must amount to a discussion by the jurors or used as a circumstance against the accused. *Powell*, 502 S.W.2d at 711; *Smith*, 873 S.W.2d at 70. Whitting's statements reveal only that she thought that Appellant would testify during the punishment phase of the trial. This testimony constitutes no evidence that the jury used Appellant's failure to testify as a circumstance against him, or that the jury had a discussion on the matter. Also, there is a complete absence of an explicit statement by any juror that they voted for a conviction based on Appellant's failure to testify. *Smith*, 873 S.W.2d at 70. Accordingly, the trial court did not abuse its discretion in overruling Appellant's motion for new trial. The first point of error is overruled.

■ In the second point of error, Appellant contends that he was denied the intelligent use of his peremptory jury challenges because of the trial court's implementation of interim jury service. The trial court summoned fifty-three veniremen for the selection of two juries on the same day. Voir dire and jury selection in the first case was completed before voir dire and jury selection in the instant case began. There were two common

jurors on both panels. Appellant did not object when this announcement was made by the trial court. Appellant cites *Linnell v. State,* 935 S.W.2d 426, 430 (Tex.Cr.App.1996) to support his contention that interim jury service denied him the intelligent exercise of his peremptory challenges, as well as violated his Sixth Amendment guarantees to "assistance of counsel" and a trial before "an impartial jury." U.S. Const. VI.

 We acknowledge that the facts in *Linnell* are similar to this case, but find that they are distinguishable. In *Linnell,* as well as in the Fifth Circuit Court of Appeals case cited therein, *United States v. Mutchler,* 559 F.2d 955 (5th Cir.1977), the appellant objected to the use of interim jurors. Rule 33.1 of the Rules of Appellate Procedure demands that a party present, as a prerequisite for a complaint on appeal, a timely request, objection, or motion that states the grounds for the ruling sought from the trial court. TEX. R.APP.P. 33.1. This requirement is similar to prior Rule 52(a) of the Rules of Appellate Procedure. In dealing with jury selection issues, a court of appeals held that preservation of error is not merely a technical procedural matter by which appellate courts seek to overrule points of error in a cursory manner. *Credille v. State,* 925 S.W.2d 112, 115–116 (Tex.App.—Houston [14th Dist.] 1996, pet. ref'd). Fairness to all parties requires a party to advance his complaints at a time when there is an opportunity to respond or cure them. *Id.* at 116. An objection is required to inform the trial judge of the basis of the objection and afford him the opportunity to rule on it. *Fuller v. State,* 827 S.W.2d 919, 924 (Tex.Cr.App.1992); *Purtell v. State,* 761 S.W.2d 360, 365 (Tex.Cr.App.1988), *cert. denied,* 490 U.S. 1059, 109 S.Ct. 1972, 104 L.Ed.2d 441 (1989). The law is well settled that a defendant's failure to object to the court's exclusion of a venireperson waives the right to complain of the exclusion on appeal. *Johnson v. State,* 698 S.W.2d 154, 161 (Tex. Cr.App.1985); *Boulware v. State,* 542 S.W.2d 677, 683 (Tex.Cr.App.1976) *cert. denied,* 431 U.S. 926, 97 S.Ct. 2202, 53 L.Ed.2d 241 (1977); *Sparks v. State,* 809 S.W.2d 773 (Tex. App.—Houston [14th Dist.] 1991, pet. ref'd).

We hold that an objection to the use of interim jurors is required to preserve error for the consideration of that issue on appeal. Without such notice to the trial court, it is impossible to determine if, in fact, it was desirable to Appellant to have those particular jurors on the panel. To hold otherwise would result in a likely reversal and new trial for Appellant if the jury convicted him. Since Appellant did not object to the use of the interim jurors, he waived any complaint. Appellant's second point of error is overruled.

The judgments of the trial court are *affirmed.*