NO. 07-05-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 14, 2006

_____

TYRONE BERNARD MACK, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 228TH DISTRICT COURT OF HARRIS COUNTY;

NO. 966216; HONORABLE MARC CARTER, JUDGE

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**OPINION**

Following a plea of not guilty, appellant Tyrone Bernard Mack was convicted by a jury of robbery and sentenced to forty-two years confinement. Presenting three issues, appellant contends (1) the trial court erred by denying counsel reasonable time for voir dire,

and the evidence was (2) legally and (3) factually insufficient to sustain his conviction. We reverse and remand.

Appellant was indicted for his involvement in the robbery of a shoe store. During voir dire, the court explained the trial process and asked the members of the panel several preliminary questions. The State and the defense were then allowed thirty minutes each to question the panel. Following the State, appellant's counsel questioned the venire members on a variety of topics for approximately thirty-five minutes. When the court notified appellant's counsel her time for questioning had elapsed, the following exchange occurred:

Counsel:     All right. Judge, for the record, I would like to ask one more question of the jury panel. It has to do with any relationship to district attorneys, law enforcement types and that relationship that they have.

The Court:  All right. It's on the record. That's denied.

A jury subsequently convicted appellant of the offense.

By his first issue, appellant maintains it was error to deny counsel the opportunity to ask the prospective jurors the additional question. We agree.

We review the trial court's ruling on voir dire for abuse of discretion. Barajas v. State, 93 S.W.3d 36, 38 (Tex.Cr.App. 2002). Absent such an abuse, we will not reverse a trial court's refusal to extend additional time for questioning. *Id.* Texas trial courts have

2

broad discretion over the jury-selection process, including discretion to set reasonable time limits on voir dire. *Id.*; Boyd v. State, 811 S.W.2d 105, 115 (Tex.Cr.App. 1991). However, it is improper for a trial court to limit voir dire based on the mere possibility that an otherwise proper question might lengthen the jury-selection process. Woolridge v. State, 827 S.W.2d 900, 905-06 (Tex.Cr.App. 1992). Each case must be examined on its own facts. Ratliff v. State, 690 S.W.2d 597, 600 (Tex.Cr.App. 1985). Thus, a reasonable time limitation for one case may not be reasonable for another. *Id.*

In reviewing whether the trial court abused its discretion, we apply the two-prong test in McCarter v. State, 837 S.W.2d 117,119 (Tex.Cr.App. 1992).[1] Under *McCarter*, we must determine (1) whether the requested question was an attempt by counsel to prolong voir dire, and (2) whether the requested question was proper. *Id.*

Regarding the first prong, the record reveals that appellant's counsel spent her allotted time questioning the venire members on a variety of subjects, including the elements of the offense, the State's burden of proof, the law of parties, relationships with other jurors, and past criminal trial experiences. Counsel also expended considerable time evaluating the venire members' ability to follow the law if the State failed to prove an

---

[1]A third prong applies when counsel is prevented from questioning venire members individually, as opposed to collectively, but it is not applicable here. *See McCarter*, 837 S.W.2d at 119-21.

essential element of the offense.[2] This topic generated a number of individual responses from the panel and required additional instruction from the court. To compensate for the additional instruction, the court granted counsel an additional five minutes to conclude her questioning. Nothing suggests that any of the questions asked or topics discussed by counsel were irrelevant, immaterial, or unnecessarily repetitious. Considering the nature of the offense, the subject matter covered, and the time allotted, we cannot conclude that counsel's request to ask the additional question was merely an attempt to prolong voir dire.

Under the second prong of the *McCarter* test, we look at whether the requested question was a proper question for voir dire. *Id.* A question is proper if it is designed to discover a venire member's views on an issue applicable to the case and does not attempt to commit a juror to a particular verdict based on particular facts. *Barajas*, 93 S.W.3d at 38. In the present case, the State concedes it would have been proper for counsel to question the prospective jurors regarding their relationships with district attorneys or law enforcement personnel because the question relates to potential bias. We agree with the State's assessment and conclude that the question requested by counsel was proper here to ensure a fair and impartial jury.

Although the State concedes counsel's question was proper, it maintains that the trial court did not abuse its discretion in denying counsel the opportunity to ask the question

---

[2]Counsel proposed a hypothetical in which the State failed to prove the element of jurisdiction.

because the topic had already been discussed with the panel. To support its argument, the State cites *Ratliff* for the proposition that questions which are "irrelevant, immaterial, or unnecessarily repetitious" may be considered as attempts to prolong voir dire. *Ratliff*, 690 S.W.2d at 599. Here, the record reflects that, during voir dire, both the court and the prosecutor asked questions referring to bias and discussed how bias should not be considered when evaluating the credibility of a witness. In fact, the court specifically inquired whether any of the venire members had relatives that were police officers.

Even so, it is clear that "defense counsel may not be precluded from the traditional voir dire examination because the questions asked are repetitious of those asked by the court and prosecutor." *E.g., McCarter*, 837 S.W.2d at 121. Appellant's counsel had the right to question the prospective jurors in her own individual manner "to emphasize a point or uncover a hidden bias and [should] not be forced to rely on other parties to ask similar questions." *Id.*; Williams v. State, 804 S.W.2d 95, 107 (Tex.Cr.App. 1991). Therefore, we disagree with the State's position.

We also disagree with the State's contention that appellant's objection was not preserved for appellate review because it consisted of a general topic for discussion which could contain both proper and improper inquiries. *See* Dhillon v. State, 138 S.W.3d 583, 589 (Tex.App.–Houston [14th Dist.] 2004, no pet.). We are aware that a voir dire question that is so vague and broad as to constitute a global fishing expedition fails to preserve error because it is impossible for a reviewing court to determine whether it was relevant and

5

properly phrased. *Id.*; *Barajas*, 93 S.W.3d at 39. However, here, appellant's counsel requested to ask one additional question specifically pertaining to relationships to district attorneys or law enforcement and "that relationship that they have." We find this distinguishable from counsel's request in *Dhillon* to question the potential jurors on "general topic[s] concerning drinking and driving." *Dhillon*, 138 S.W.3d at 590. We conclude counsel's request was not so vague or overly broad that it is impossible upon further review to determine whether the question was relevant and proper.

Accordingly, we find appellant's complaint is properly before us[3] and conclude the trial court abused its discretion in denying counsel the right to pose the additional question to the venire.

**Harm Analysis**

Having found error, we must now determine whether the trial court's restriction of voir dire was harmful. It is undisputed that the right to pose proper questions during voir dire examination is essential to the Sixth Amendment guarantees of assistance of counsel and the right to an impartial jury. Franklin v. State, 138 S.W.3d 351, 354 (Tex.Cr.App.

---

[3]The dissent concludes appellant waived his voir dire complaint because after the parties exercised their peremptory strikes, appellant's counsel stated she had no objection to the jury as seated. However, the majority does not believe counsel's response to the court's inquiry regarding the jury "as seated" amounted to an express, voluntary, and knowing waiver of her prior complaint concerning her inability to question the prospective jurors regarding bias. *See* Wappler v. State, 138 S.W.3d 331, 334 (Tex.Cr.App. 2004).

2004). *See also* Linnell v. State, 935 S.W.2d 426, 428 (Tex.Cr.App. 1996) (holding the right of appellant's counsel to question the members of the jury panel is necessary in order to intelligently exercise peremptory challenges). This right is also implicit in the right to assistance of counsel embodied in Article I, § 10 of the Texas Constitution. Gonzales v. State, 994 S.W.2d 170, 171 (Tex.Cr.App. 1999). Yet, the United States Supreme Court has never held that an erroneous restriction of voir dire is a structural error of a federal constitutional nature; therefore, it remains subject to harmless error analysis under Rule 44.2. Tex. R. App. P. 44.2; *Gonzales*, 994 S.W.2d at 171.

Under Rule 44.2, we are provided with two separate standards for determining whether a trial court's error is reversible. With respect to constitutional errors, the court of appeals must reverse the judgment "unless [it] determines beyond a reasonable doubt that the error did not contribute to the conviction or punishment." Tex. R. App. P. 44.2(a). All other errors must be disregarded unless they affect a defendant's "substantial rights." *Id.* at (b). In a situation such as appellant's, when an error in the jury selection process infringes on a defendant's constitutional right to trial by an impartial jury, we must conduct a 44.2(a) analysis. *Franklin*, 138 S.W.3d at 355. Under this standard, if there is a reasonable likelihood that the error materially affected the jury's deliberations, then the error was not harmless beyond a reasonable doubt. Wesbrook v. State, 29 S.W.3d 103, 119 (Tex.Cr.App. 2000).

7

During voir dire, when the trial court asked whether any members of the panel had relatives that were police officers, an unidentified venire member responded that he was a retired police officer. However, the court made no further investigation and did not inquire as to whether he had any biases as a result of his employment. Another unidentified member of the panel stated he had a cousin who was a police officer, but he assured the court and the prosecutor he would wait and evaluate any witness before making a determination regarding credibility. At the guilt/innocence phase of appellant's trial, two law enforcement witnesses, a deputy and a detective from the Harris County Sheriff's Department, testified for the State.

The trial court's ruling on voir dire essentially precluded appellant's counsel from questioning the prospective jurors regarding any potential bias in favor of the State, its attorneys, or its law enforcement witnesses. In effect, the ruling also denied counsel the opportunity to further investigate the two unidentified venire members who responded to the court's initial inquiry regarding relationships to police officers. Because we have no responses from the panel in this regard, we have no way of ascertaining whether the unidentified members of the panel ultimately selected to serve as jurors were indeed impartial. Consequently, in reviewing the voir dire proceedings, it is not unreasonable to assume that one or more of the selected jurors could have been inclined to convict appellant because they were biased in favor of the State or its witnesses. Rule 44.2(a) does not permit us to find an error harmless based upon speculation or conjecture, and here, we simply cannot conclude beyond a reasonable doubt that the trial court's restriction

of counsel's ability to question the prospective jurors regarding bias did not contribute to appellant's conviction.

Nonetheless, the State, citing Wappler v. State, 183 S.W.3d 765 (Tex.App.–Houston [1st Dist.] 2005, pet. struck), insists any error in disallowing counsel's question was harmless. In *Wappler*, the reviewing court determined that the lower court erred by denying counsel the opportunity to ask five otherwise proper questions after his time for voir dire had expired. *Id.* In conducting its harm analysis, relying on Rich v. State, 160 S.W.3d 575 (Tex.Cr.App. 2005), the court applied a "heightened" Rule 44.2(a) analysis evaluating the error in light of multiple evidentiary factors. *Id.* However, *Rich* involves a 44.2(b) analysis as opposed to a constitutional harmless error analysis under 44.2(a). *Rich*, 160 S.W.3d at 577 (explaining that because the court of appeals's 44.2(b) analysis was not contested, "we assume that to be the proper rule"). Furthermore, provided the *Wappler* court found the trial court's erroneous restriction of voir dire to be harmful, we do not find it to be persuasive authority supporting the State's position. Appellant's first issue is sustained. Our disposition of this issue precludes our consideration of appellant's remaining issues. Tex. R. App. P. 47.1.

Accordingly, the trial court's judgment is reversed and the cause remanded for a new trial.

Don H. Reavis
Justice

Quinn, C.J., dissenting.

Do not publish.

NO. 07-05-0154-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 14, 2006

_____

TYRONE BERNARD MACK,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 228th DISTRICT COURT OF HARRIS COUNTY;

NO. 966216; HON. MARC CARTER, PRESIDING

_____

Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

**_Dissenting Opinion_**

I would overrule appellant's complaint about his purported inability to voir dire the

jury. Simply put, he waived the matter.

The record certainly reveals that appellant, through his counsel, sought to propound

one more question to the jury after his allotted time for voir dire expired. So too does the

10

record show that the trial court denied appellant the chance to ask the question. Yet, after voir dire ended, the litigants exercised their peremptory strikes, and the names of those comprising the jury were announced, the trial court asked: ". . . Defense, any objection to the jury as seated?" Appellant, through his counsel, responded: "No objection, Your Honor."

It is clear that one must preserve, through objection, complaints about conduct occurring at trial. *See Turner v. State*, 805 S.W.2d 423, 431 (Tex. Crim. App. 1991) (so noting). So too is it clear that an objection formerly preserved may later be waived. For instance, an appellant expressly informing the trial court that he has "no objection" to evidence he previously tried to suppress is a case in point. By telling the court that he has no objection to the evidence, the complainant waives any error in the admission of that evidence. *Moraguez v. State*, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986); *Flores v. State*, 129 S.W.3d 169, 171-72 (Tex. App.–Corpus Christi 2004, no pet.). This result is quite logical for one cannot be allowed to complain about that which he approved or helped instigate. And, this is no less true here.

The topic which appellant sought to broach during voir dire concerned potential bias of the jury. Admittedly, exploration of that subject was a means of affording him opportunity to assess whether various members of the venire were unacceptable by law or choice. Yet, in telling the trial court that he had "no objection" to the jury ultimately selected, appellant implicitly, if not explicitly, revealed his approval of those factfinders ultimately chosen. Having voiced his approval of those selected, appellant should be

11

precluded, on appeal, from trying to attack those he approved.[4]  So, for the reasoning implicit in *Moraguez* and its progeny, I conclude that appellant waived any complaint he had to the trial court's decision to limit voir dire as it did.

Brian Quinn
Chief Justice

Do not publish.

---

[4]I do not purport to address a situation wherein it is later discovered that a venire member may have withheld information or lied during voir dire.  Nor do I address situations wherein conduct occurring or circumstances arising after voir dire may create basis for removing the juror.