NO. 07-08-0417-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



DECEMBER 16, 2009


 ______________________________



BRANDON J. SHEEHAN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE


_________________________________



FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;



NO. 2007-445,482; HONORABLE L. B. "RUSTY" LADD, JUDGE


_______________________________




Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION


 Appellant, Brandon J. Sheehan, was convicted of driving while intoxicated and
sentenced to 14 days in the Lubbock County Jail. Via three issues, appellant contends
that the trial court erred in overruling his motion to suppress the evidence used to convict
him. We reverse.



Factual and Procedural Background


 On June 15, 2007, at 1:00 a.m., Officer David Savell of the Lubbock Police
Department observed appellant pulling out of the parking lot of O'Tool's Plastic Pipe in the
City of Lubbock. Appellant was driving a Chevrolet pick-up truck and was pulling a flatbed
trailer. Upon observing appellant coming from the parking lot, Savell turned on his
emergency lights and pulled appellant over. After ascertaining that the trailer was not
stolen and running a driver's license check on appellant, Savell determined that appellant
was intoxicated and arrested appellant for driving while intoxicated. 

 Prior to trial, appellant filed a motion to suppress the evidence contending that the
arrest of appellant was without a lawful warrant, probable cause, or other lawful authority. 
The trial court held a hearing on July 8, 2008, on appellant's motion to suppress. At the
beginning of the hearing, the parties agreed that the stop was without a warrant and the
issue before the trial court was whether or not Savell had reasonable suspicion to stop
appellant. 

 Savell testified that he had been on the police force for 21 years. At the time of the
stop he observed appellant exiting the parking lot of O'Tool's Plastic Pipe at 1:00 in the
morning and knew that the business was not open at that time. Further, he observed
appellant pulling a flatbed trailer and he had received briefings at roll call, sometime within
the previous day or two, that there had been a number of flatbed trailers stolen in Lubbock. 
Savell testified that he decided to stop appellant and "find out, make sure it was his trailer
and he wasn't up to no good." Based upon this information, Savell decided to stop
appellant and determine if the flatbed trailer he was pulling had been stolen. During
examination by the State, Savell testified that he did not know if O'Tool's had a flatbed
trailer parked on its lot. The trial court overruled the motion to suppress and the case
proceeded to trial. The trial court did not file any findings of fact or conclusions of law
regarding his ruling on the motion to suppress.

Standard of Review


 We review a trial court's decision to deny a motion to suppress under an abuse of
discretion standard. See Balentine v. State, 71 S.W.3d 763, 768 (Tex.Crim.App. 2002). 
A bifurcated standard of review is applied, that is, when a trial court's determination of fact
is based upon an evaluation of witness credibility or demeanor, almost total deference is
given to that determination. See St. George v. State, 237 S.W.3d 720, 725 (Tex.Crim.App.
2007). However, on questions of mixed law and fact that do not turn on the trial court's
evaluation of witness credibility and demeanor, we conduct a de novo review. See
Montanez v. State, 195 S.W.3d 101, 109 (Tex.Crim.App. 2006). Where, as here, there are
no findings of fact filed, we view the evidence in the light most favorable to the trial court's
ruling and assume the trial court made implicit findings of fact that are supported by the
record. See Ford v. State, 158 S.W.3d 488, 493 (Tex.Crim.App. 2005). 

 Finally, the legal question of whether the totality of the circumstances are sufficient
to support an officer's reasonable suspicion is reviewed de novo. See Madden v. State,
242 S.W.3d 504, 517 (Tex.Crim.App. 2007). In reviewing the totality of the circumstances,
we must ascertain from the record if there was reasonable suspicion to believe that
appellant is violating the law. See Neal v. State, 256 S.W.3d 264, 280 (Tex.Crim.App.
2008). Reasonable suspicion exists if the officer has specific articulable facts that, when
combined with rational inferences from those facts, would lead him to reasonably suspect
that a particular person has, or soon will be, engaged in criminal activity. Id.

Analysis


 A review of the record reveals that Savell's articulable facts were: 1) the time of day,
1:00 a.m.; 2) the business was not open; and 3) information given at roll call regarding the
rash of stolen flatbed trailers. Of these facts, only the time of day and the fact that
appellant was pulling a flatbed trailer link appellant to a conclusion that he had or was
going to be involved in criminal activity. This court has previously held that the time of day
and the level of criminal activity in an area may be factors in making a reasonable
suspicion determination, but they are not suspicious in and of themselves. See Hudson
v. State, 247 S.W.3d 780, 786 (Tex.App.-Amarillo 2008, no pet.). However, the State
argues that in addition to these articulated reasons for the stop we must consider the trial
court's implied finding that O'Tool's was a place where items might be stored outside and
subject to theft. We are required to consider implied findings by the court, if those findings
are supported by the record. Ford, 158 S.W.3d at 493. However, in the record before us,
we find no support for this implied finding. The owner of O'Tool's testified but nowhere in
the record does he state that there is merchandise stored on the parking lot appellant was
seen leaving. Further, nowhere in Savell's testimony does he state that he had knowledge
of any merchandise that might be readily accessible to one trying to steal it. Finally, the
testimony of the owner of O'Tool's was that the lot in question did not have a gated entry
nor a fence of any type around it. It was simply a vacant parking lot, according to the
record. 

 In the final analysis, the facts articulated by Savell fail to provide this court with
reasonable belief that some conduct out of the ordinary related to criminal activity is, has,
or was about to occur. See Neal, 256 S.W.3d at 280. Accordingly, we find that the stop
of appellant was without reasonable suspicion to condone it. We therefore sustain
appellant's contention that the trial court abused its discretion in overruling appellant's
motion to suppress. 

Conclusion


 Having sustained appellant's sole issue, the judgment of the trial court is reversed
and the cause is remanded for further proceedings in conformity with this opinion. 


 Mackey K. Hancock

 Justice




Do not publish. 



 


 at 921-22.

 In contrast, the question in this case was much less specific, did not ask the panel about their
ability to reach a particular verdict, and therefore did not have any tendency to commit the panel to
any particular finding. As did the questions in Maddux and Nunfio, appellant's question merely
sought to determine if the members of the venire had any bias or prejudice in favor of the victim, and
did not ask if the venire members were able or willing to make any particular findings despite the
victim's age. In Maddux, the Court of Criminal Appeals specifically rejected the State's argument
that a question concerning the effect of the victim's age on venire members was an attempt to commit
them to particular findings. 862 S.W.2d at 592. The question before that court and the one before
us is analogous and its reasoning is applicable here. 

 In arguing the question was improper, the State places significant reliance upon the statement
in Bailey that "the question presents the venire with specific facts, the name and age of the victim." 
While it is true that questions with greater factual detail are more likely to be improper, that tendency
does not arise from the factual specificity per se. It arises because such questions may tend to commit
venire members to a particular verdict on the facts of the case they are about to hear, as contrasted
to a mere recital of a fact or facts involved in the case. It is because of this confusion that Judge
Baird, in his concurring opinion in Raby, opined that fact specific questions were not prohibited per
se.

 In considering the State's argument that the defense question was improper because it
mentioned the name of the victim, we note the holding in Etheridge v. State, 903 S.W.2d 1 (Tex.
Crim.App. 1994), cert. denied, 516 U.S. 920, 116 S.Ct. 314, 133 L.Ed.2d 217 (1995). In that case,
the court held that the trial court did not err in allowing the prosecution to use a chart during voir dire
showing the victim's name. Id. at 8. We do not believe that the use of the victim's age directly,
rather than stated as a part of a hypothetical question, carried any taint. This is particularly true here
when the victim's age was not a contested issue and one of the significant issues during voir dire was
whether the members of the venire were influenced by the substantial pretrial publicity given to the
case. (1) Suffice it to say that we find the question sought by appellant was proper and the trial court
erred in overruling it. Having made that decision, we must next decide if the question's exclusion 
mandates reversal.

 In Nunfio, the Court of Criminal Appeals held the denial of a proper question during voir dire
was not subject to harmless error analysis. However, in Cain v. State, 947 S.W.2d 262 (Tex.Crim.
App. 1997), the court held that except for certain constitutional errors "no error, whether it relates
to jurisdiction, voluntariness of a plea, or any other mandatory requirement, is categorically immune
to a harmless error analysis." Id. at 264. In doing so, however, the court noted that some errors
might defy analysis by harmless error standards or there might be insufficient information upon which
to conduct a meaningful harmless error analysis. Id. Indeed, while recognizing that some kinds of
errors would never be harmless under the applicable test, the court cautioned that appellate courts
should not automatically foreclose the application of the harmless error to certain categories. Id. For
example, in Cena v. State, 991 S.W.2d 283 (Tex.Crim.App. 1999), and Gonzales v. State, 994
S.W.2d 170, 171 (Tex.Crim.App. 1999), both of which involved error in limiting voir dire questions,
the court vacated judgments of the Courts of Appeals and remanded causes to them for the purpose
of conducting harmless error analyses.

 Rule 44.2 of the Texas Rules of Appellate Procedure sets out the standard by which we
determine if trial error requires reversal. It sets out two tests which depend on the type of error
committed. For constitutional error which is subject to harmless error review, an appellate court
must reverse "unless the court determines beyond a reasonable doubt that the error did not contribute
to the conviction or punishment." Tex. R. App. P. 44.2(a). For other types of errors reversal is not
required if the error does not "affect substantial rights." Tex. R. App. P. 44.2(b).

 The right to assistance of counsel and to trial by an impartial jury is guaranteed by the Sixth
Amendment to the Federal Constitution, made applicable to the states by the Fourteenth Amendment. 
A like guarantee is provided by the Texas Constitution in Article 1, Section 10 of that document. In
Linnell v. State, 935 S.W.2d 426, 428 (Tex.Crim.App. 1996), the court held that the right to the
assistance of counsel encompasses the right of counsel to question the members of the jury panel in
order to intelligently exercise peremptory challenges. See also Shipley v. State, 790 S.W.2d 604,
607-08 (Tex.Crim.App. 1990); S.D.G. v. State, 936 S.W.2d 371, 380 (Tex.App.--Houston [14th
Dist.] 1996, pet. denied). Thus, because appellant's complaint implicates his constitutional right to
an impartial jury, we must reverse unless we can determine beyond a reasonable doubt that the error
did not contribute to his conviction or punishment. 

 In contending that the "substantial right" test rather than the constitutional error test is
applicable, the State cites and relies upon Jones v. State, 982 S.W.2d 386 (Tex.Crim.App. 1998). 
However, that case involved trial court error in sustaining the State's challenge based upon a
provision of the Code of Criminal Procedure. Because the error was premised on misapplication of
a statute, the court characterized it as non-constitutional error. Id. at 391. It went on to hold that
as long as the members of the resulting jury are impartial and otherwise qualified, the exclusion of
another qualified panel member did not affect a substantial right of the defendant. Id. at 393-94.

 In this case, unlike Jones, the asserted error does not involve the mere violation of a statute,
but goes to appellant's right to a fair and impartial jury and the effective assistance of counsel. 
Because counsel was not able to inquire into the venire's potential bias on matters relevant to the
case, we cannot know if the members of the selected jury were impartial. Indeed, in the recent
decision of Gonzales v. State, No. 06-97-0121-CR (Tex.App.--Texarkana Aug. 31, 1999, no pet. h.),
our sister court considered the effect of the denial of proper voir dire questions. It observed:

 When an error occurs in the questioning that resulted in the selection of the jury, there
is a probability that the error will skew every act taken by counsel in connection with
the denied questions because counsel has been improperly denied the right to have any
insight into the juror's reaction to that area.


Because it felt it was impossible to determine how the denial of proper questions affected trial
counsel's ability to select an impartial jury and his presentation of his case, the Gonzales court held
the error was of constitutional dimension and was not harmless. 

 Rule 44.2(a) does not permit us to find an error harmless based upon our speculation or
conjecture. There is nothing in this record to support a conclusion that, beyond a reasonable doubt,
the limitation on appellant's ability to question the jury did not contribute to his conviction or
sentence. That being true, we sustain appellant's first point. Because that action requires the reversal
of the judgment of the trial court and the remand of the cause for retrial, it is not necessary to discuss
the remainder of appellant's points.

 Accordingly, the judgment of the trial court is reversed and the cause remanded for retrial. 


 John T. Boyd

 Chief Justice


Do not publish.


1. We also note that the State questioned the venire members if they were able to give a
defendant who "might be 17" a life sentence. It would appear that this question had a greater
tendency to commit the venire to a particular question than that which the defense sought to ask.